**AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP (SBN 237615)
GARY M. MCLAUGHLIN (SBN 217832)
ALLISON VANA (SBN 228282)
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:   (310) 229-1000
Facsimile:   (310) 229-1001
gknopp@akingump.com
gmclaughlin@akingump.com
avana@akingump.com

Attorneys for Defendant,
ODYSSEY HEALTHCARE, INC.

**CONFORMED**

FILED
2009 JAN -2  PM 4: 33
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY___

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CHARLIA CORNISH, an individual and an "aggrieved employee" under the California Labor Code Private Attorney General Act, on her own behalf and on behalf of all others similarly situated,

                    Plaintiff,

          v.

ODYSSEY HEALTHCARE, INC., a Delaware corporation; and DOES 1 through 100, inclusive,

                    Defendants.

Case No. **CV09-00014GHK (JCx)**

**DEFENDANT ODYSSEY HEALTHCARE, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453; DECLARATIONS OF BEVERLY SCOGGINS AND GARY M. MCLAUGHLIN IN SUPPORT THEREOF**

[Civil Cover Sheet, Notice and Certification of Interested Parties, and Notice of Related Cases Filed Concurrently Herewith]

(Superior Court of California, Los Angeles County, Case No. BC401527)

6318647

# TABLE OF AUTHORITIES

## CASES

*Arellano v. Home Depot U.S.A., Inc.*,
    245 F. Supp. 2d 1102, 1106 (S.D. Cal. 2003) ..................................................... 6

*Engels v. Exel Global Logistics, Inc.*,
    No. C 04-3944 MHP, 2005 WL 850879, *5 (N.D. Cal., April 11, 2005) ......................... 6

*Ho v. Ikon Office Solutions, Inc.*,
    143 F. Supp. 2d 1163, 1164 (N.D. Cal. 2001).................................................. 6

*Indus. Tectonics, Inc. v. Aero Alloy*,
    912 F.2d 1090, 1092-93 (9th Cir. 1990)........................................................ 4

*J.A. Olson Co. v. City of Winona, Miss.*,
    818 F.2d 401, 406 (5th Cir. 1987)............................................................... 4

*Kroske v. U.S. Bank Corp.*,
    432 F.3d 976, 980 (9th Cir. 2005) ............................................................... 9

*Lamke v. Sunstate Equip. Co., LLC*,
    319 F. Supp. 2d 1029, 1032 (N.D. Cal. 2004) ................................................ 7

*State Farm Fire & Cas. Co. v. Byrd*,
    710 F. Supp. 1292, 1293 (N.D. Cal. 1989) ................................................... 6

*Tosco Corp. v. Communities for a Better Env't*,
    236 F.3d 495, 500-502 (9th Cir. 2001)................................................... 5, 6, 7

*Unger v. Del E. Webb Corp.*,
    233 F. Supp. 713, 716 (N.D. Cal. 1964) ..................................................... 6

*United Computer Sys., Inc. v. AT&T Corp.*,
    298 F.3d 756, 763 (9th Cir. 2002)................................................................ 4

## STATUTES

28 U.S.C. § 1332(c) .................................................................................. 4

28 U.S.C. § 1332(c)(1)............................................................................. 4

28 U.S.C. § 1332(d)(3) ............................................................................ 9

28 U.S.C. § 1332(d)(4) ............................................................................ 9

28 U.S.C. § 1441(a) .............................................................................. 3, 9

28 U.S.C. § 1446(b) ................................................................................ 3

28 U.S.C. §§ 1332(d)(2), (d)(5), and (d)(6) ............................................... 3

28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453.................................................... 1, 2, 11

Cal. Civ. Proc. Code § 338(a) ........................................................................................ 7

Cal. Lab. Code § 510(a).................................................................................................. 8

California Labor Code § 226 .......................................................................................... 8

California Labor Code Private Attorney General Act..................................... 1, 2, 15

Class Action Fairness Act ............................................................................................. 3

Labor Code Section 226.7............................................................................................... 9

Section 203........................................................................................................................ 7

## OTHER AUTHORITIES

S.Rep. No. 1830, 85th Cong., 2d Sess.,
    *reprinted in* 1958 U.S.C.C.A.N. 3099, 3102 .................................................... 4

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2  CENTRAL DISTRICT OF CALIFORNIA:

3  PLEASE TAKE NOTICE that Defendant Odyssey HealthCare, Inc. ("Odyssey")

4  hereby removes to this Court the state court action described below, pursuant to 28

5  U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. In support thereof, Odyssey states as

6  follows:

7  1.  On November 6, 2008, a putative class action was commenced and is

8  currently pending against Odyssey in the Superior Court of California, County of Los

9  Angeles, as Case No. BC401527, entitled *CHARLIA CORNISH, an individual and an*

10  *"aggrieved employee" under the California Labor Code Private Attorney General Act,*

11  *on her own behalf and on behalf of all others similarly situated, Plaintiff, vs. ODYSSEY*

12  *HEALTHCARE, INC., a Delaware corporation; and DOES 1 through 100, inclusive,*

13  *Defendants.* On December 4, 2008, Odyssey was served with the Complaint. *See*

14  Declaration of Gary M. McLaughlin in Support of Odyssey HealthCare, Inc.'s Notice of

15  Removal of Action Pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453

16  ("McLaughlin Decl."), ¶ 2. Attached as **Exhibit A** to the McLaughlin Declaration is a

17  true copy of the Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet

18  Addendum and Statement of Location, Notice of Case Assignment – Unlimited Civil

19  Case, Alternative Dispute Resolution Package, and Proof of Service. *See* McLaughlin

20  Decl., ¶ 3. On December 29, 2008, Odyssey was served with Plaintiff's Notice of

21  Hearing re Objection to Non-Complex Designation, providing notice of a December 18,

22  2008 hearing on Plaintiff's Objection. *See* McLaughlin Decl., ¶ 4. Attached as

23  **Exhibit B** to the McLaughlin Declaration is a true copy of the Proof of Service,

24  Plaintiff's Notice of Hearing re Objection to Non-Complex Designation, including the

25  attached exhibits, and a Proof of Service by mail dated December 9, 2008. *See*

26  McLaughlin Decl., ¶ 5. Attached as **Exhibit C** to the McLaughlin Declaration is a true

27  conformed copy of Odyssey's Answer to Plaintiff's Complaint, filed in Los Angeles

28  County Superior Court on December 31, 2008. *See* McLaughlin Decl., ¶ 6. According

6318647

1

1  to the Civil Case Summary available on the Los Angeles County Superior Court's
2  website, before serving Odyssey with the Complaint, Plaintiff filed a motion for
3  peremptory disqualification, and on December 20, 2008, filed a case management
4  statement. Attached as **Exhibit D** to the McLaughlin Declaration is a true copy of the
5  Civil Case Summary from the Superior Court's website. *See* McLaughlin Decl., ¶ 7.
6  The Civil Case Summary also indicates that proceedings have been held in the Superior
7  Court, including the hearing on Plaintiff's objection to the non-complex designation, at
8  which Plaintiff's objection appears to have been overruled, that the Superior Court has
9  issued three orders, that the clerk has filed a notice of case management conference, and
10 that there is a conference scheduled for January 13, 2009. *See* McLaughlin Decl., ¶ 7,
11 Exh. D.  However, Odyssey has not been served with anything other than the documents
12 attached as Exhibits A-B to the McLaughlin Declaration.  McLaughlin Decl., ¶ 8.
13 Odyssey has no further information about documents filed, or proceedings held, in Los
14 Angeles County Superior Court Case No. BC401527, other than what is reflected on the
15 Civil Case Summary and in Exhibits A-C to the McLaughlin Declaration.  McLaughlin
16 Decl., ¶ 9.

17        2.        Plaintiff Charlia Cornish is a former employee of Odyssey HealthCare GP,
18 LLC,[1] a subsidiary of Odyssey, who asserts claims for failure to pay overtime wages,
19 failure to provide meal periods, failure to provide accurate itemized wage statements,
20 failure to pay wages upon ending employment, penalties under the California Labor
21 Code Private Attorneys General Act of 2004, and violation of the California unfair
22 competition laws. *See* McLaughlin Decl. Exh. A (Complaint ¶¶ 4, 22-58); Declaration
23 of Beverly Scoggins in Support of Odyssey HealthCare, Inc.'s Notice of Removal of
24 Action Pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453 ("Scoggins Decl."),
25 ¶ 2.  Plaintiff purports to bring these claims on behalf of a putative class consisting of
26 "[a]ll persons employed by Defendant ODYSSEY HEALTHCLARE [sic], INC. . . . in

27

28        [1] Odyssey HealthCare GP, LLC has not been named as a defendant in this lawsuit.

6318647

2

1  California as an Admission Nurse ("AN"), a Case Manager Registered Nurse
2  ("CMRN"), a Licensed Vocational Nurse ("LVN"), a Registered Nurse ("RN"), a Home
3  Health Aide ("HHA"), a Medical Social Worker ("MSW"), a Triage Coordinator
4  ("TC"), an Office Manager ("OM"), a Patient Care Secretary ("PCS"), or a Spiritual
5  Counselor ("SC") at any time on or after November 6, 2004." McLaughlin Decl., ¶ 3,
6  Exh. A (Complaint, ¶ 3). Based on the allegations in her Complaint, the class that
7  Plaintiff seeks to represent includes approximately 1140 individuals *See* Scoggins
8  Decl., ¶ 12.
9       3.     The Complaint and Summons were served on December 4, 2008.
10  McLaughlin Decl. ¶¶ 2-3 and Exh. A. Odyssey's Notice of Removal is timely because
11  it is filed within thirty (30) days of that service. *See* 28 U.S.C. § 1446(b).
12       4.     The above-described action is a civil action of which this Court has original
13  jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441(b). Under 28
14  U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action
15  brought in a State court of which the district courts of the United States have original
16  jurisdiction . . . ."
17       5.     **Diversity Jurisdiction**. This Court has diversity jurisdiction over
18  Plaintiff's claims. Pursuant to the Class Action Fairness Act ("CAFA"), federal district
19  courts have original jurisdiction over a class action if (1) it involves 100 or more
20  putative class members, (2) any class member is a citizen of a state different from any
21  defendant, and (3) the aggregated amount in controversy exceeds $5 million (exclusive
22  of costs and interest). *See* 28 U.S.C. §§ 1332(d)(2), (d)(5), and (d)(6).
23       6.     **Class Size**. If Plaintiff's class allegations are established, the class will
24  exceed 100 members. *See* Scoggins Decl., ¶ 12.
25       7.     **Diversity of Citizenship**. At all relevant times, there has been diversity of
26  citizenship between the parties to the action.
27
28

8.      Odyssey is informed and believes that Plaintiff, at the time this action was commenced, was a citizen and resident of the State of California. *See* McLaughlin Decl., ¶ 3, Exh. A (Complaint ¶ 4(a)).

9.      Odyssey is not a citizen of the State of California. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Odyssey has not been incorporated in California. Rather, at the time this action was commenced, Odyssey was a corporation organized and incorporated under the laws of the State of Delaware. *See* Scoggins Decl., ¶ 3. Nor is California the state in which Odyssey has its principal place of business. Rather, as shown below, Odyssey's principal place of business is in Texas.[2]

10.      In the Ninth Circuit, the "principal place of business" is determined by a two-part inquiry. The Court first applies the "place of operations" test to determine in what state, if any, a "substantial predominance" of corporate activity takes place. If the corporation's activities are found not to be predominant in a single state, the Court then applies the "nerve center" test to identify the state in which the majority of the corporation's executive and administrative functions are performed. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990); *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002). Under either test, Odyssey's principal place of business is plainly not California.

11.      The "place of operations" test is determinative "where a corporation conducts 'substantially all' of its operations in one state and its headquarters are located in another state." *Industrial Tectonics,* 912 F.2d at 1093 ("[C]ourts generally assign greater importance to the corporate headquarters when no state is clearly the center of

_____

[2] "[28 U.S.C. § 1332(c)] makes clear that every corporation has one and only one principal place of business." *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 406 (5th Cir. 1987), *citing* S.Rep. No. 1830, 85th Cong., 2d Sess., *reprinted in* 1958 U.S.C.C.A.N. 3099, 3102 (corporation is to be regarded as "citizen of that *one* State in which was located its principal place of business" (emphasis added)).

1  corporate activity . . . ."). To determine whether "substantial predominance" in a

2  particular state exists, courts look to several factors, including the location of

3  employees, tangible property, production activities, sources of income, and the

4  corporation's executive and administrative functions. *See Tosco Corp. v. Communities*

5  *for a Better Env't*, 236 F.3d 495, 500-502 (9th Cir. 2001).

6         12.    Applying these factors, Odyssey's operations clearly do not substantially

7  predominate in California. Odyssey does not employ anyone in California. Scoggins

8  Decl., ¶ 4. The only subsidiaries of Odyssey that employ people in California are

9  Odyssey HealthCare GP, LLC and Odyssey HealthCare Management, LP, the latter of

10 which employs only three individuals in California (a regional vice president, a regional

11 vice president of sales, and a regional clinical director). Scoggins Decl., ¶ 4. These

12 subsidiaries employ individuals in 30 states, and employ more individuals in Texas than

13 in any other state, including approximately four times the number of individuals

14 employed in California. Scoggins Decl., ¶ 4. Further, through its subsidiaries, Odyssey

15 occupies more square feet of property – including hospice offices, in-patient facilities,

16 and administrative offices – in Texas than in any other state, including approximately

17 six times the amount of space occupied in California. Scoggins Decl., ¶ 5. Odyssey's

18 net revenue for 2008, through November 30, was higher in Texas than in any other state,

19 and more than 2.5 times higher than the net revenue in California. Scoggins Decl., ¶ 6.

20 Further, Odyssey's executive and administrative operations are centrally managed from

21 Texas, not California. From Odyssey's corporate headquarters in Dallas, Odyssey

22 makes and implements company-wide operating, financial, development, accounting,

23 human resources, and legal decisions and policies. Scoggins Decl., ¶ 7. With the

24 exception of its senior vice president of sales and marketing, who resides in South

25 Carolina, all of Odyssey's senior executives reside in Texas and maintain their offices in

26 Texas. Scoggins Decl., ¶ 8. Odyssey's annual stockholder meeting is held in Texas.

27 Scoggins Decl., ¶ 9. Three out of four regularly scheduled, quarterly board meetings are

28 held in Texas. Scoggins Decl., ¶ 9. Moreover, financial and tax records are maintained

6318647                   5

1  | in Texas, and tax returns are filed from Texas. Scoggins Decl., ¶¶ 10-11. For all these
2  | reasons, to the extent that Odyssey's operations substantially predominate in any one
3  | state, that state is Texas.

4  |       13.    If Odyssey's operations are not found to substantially predominate in a
5  | single state, then the Court must apply the "nerve center" test to determine the
6  | company's principal place of business. *See Engels v. Exel Global Logistics, Inc.*, No. C
7  | 04-3944 MHP, 2005 WL 850879, *5 (N.D. Cal., April 11, 2005); *Arellano v. Home
8  | Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1106 (S.D. Cal. 2003); *Ho v. Ikon Office
9  | Solutions, Inc.*, 143 F. Supp. 2d 1163, 1164 (N.D. Cal. 2001). Under the "nerve center"
10 | test, the principal place of business is the state where the majority of executive and
11 | administrative functions are performed. *See Tosco*, 236 F.3d at 500. Relevant factors
12 | include where executives reside and maintain offices, where administrative and
13 | financial offices are located, where directors and stockholders meet, where income tax
14 | returns are filed, and where day-to-day control over the company is executed. *See
15 | Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964); *accord State Farm
16 | Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

17 |       14.    Under the "nerve center" test, Odyssey's principal place of business is
18 | clearly in Texas. As explained above, Odyssey's executive and administrative functions
19 | overwhelmingly occur in Texas. For example, as noted above, all but one of Odyssey's
20 | senior executives – including Odyssey's president and chief executive officer, chairman
21 | of the board, chief financial officer, and general counsel – reside in Texas and maintain
22 | their offices in Texas. Scoggins Decl., ¶ 8. None of Odyssey's senior executives resides
23 | or maintains an office in California. Scoggins Decl., ¶ 8. From its headquarters in
24 | Texas, Odyssey manages day-to-day operations, including determining and
25 | implementing company-wide policy regarding operations, human resources, finance,
26 | accounting, and legal issues. Scoggins Decl., ¶ 7. In addition, as noted above,
27 | Odyssey's financial and tax records are maintained in Texas, and its tax returns are filed
28 | from the executive offices in Texas. Scoggins Decl., ¶¶ 10-11. In short, because

6318647

6

1    Odyssey's executive and administrative functions clearly are concentrated in Texas,

2    under the "nerve center test" as well, Texas is Odyssey's principal place of business.

3    *See Tosco*, 236 F.3d at 500.  Accordingly, this action is between citizens of different

4    states.

5         15.   **Amount in Controversy**.  Odyssey avers, for purposes of this Notice only,

6    that if Plaintiff prevailed on the claims asserted in this action, the requested monetary

7    recovery would exceed five million dollars.[3]

8         16.   In her Fourth Cause of Action, Plaintiff alleges that Odyssey owes penalties

9    for having failed to pay wages to employees upon the end of their employment, as

10   required by Section 203 of the California Labor Code. *See* McLaughlin Decl., ¶ 3, Exh.

11   A (Complaint, ¶¶ 38-41).  Under Section 203, former employees whom an employer

12   willfully denied wages may recover penalties in the amount of their daily rate of pay for

13   a period of up to thirty days.  *See* Cal. Lab. Code § 203.  Because a claim for Section

14   203 penalties is subject to a three-year statute of limitations[4], Plaintiff apparently seeks

15   penalties on behalf of putative class members whose employment ended any time on or

16   after November 6, 2005.  There are more than 590 individuals who worked for Odyssey

17   HealthCare GP, LLC in California in the relevant positions since November 6, 2005 and

18   who are no longer employed by the company.  Scoggins Decl., ¶ 13.  On average, these

19   individuals earned more than $24.00 per hour.  Scoggins Decl., ¶ 13.  Because these

20   individuals typically worked more than five hours per day, their average daily rate of

21   pay was more than $120 each.  Scoggins Decl., ¶ 13.  Accordingly, a thirty-day penalty

22   would be more than $3,600 per person.  Therefore, with respect to these approximately

23

24

25   [3] A defendant may make the requisite showing by setting forth additional facts in
     the notice of removal or by affidavit.  *See Lamke v. Sunstate Equip. Co., LLC*, 319 F.
26   Supp. 2d 1029, 1032 (N.D. Cal. 2004).

     [4] Labor Code section 203 states that suit may be filed for waiting time penalties
27   "at any time before the expiration of the statute of limitations on an action for the wages
     from which the penalties arise."  Cal. Lab. Code § 203.  A statutory claim for wages is
28   subject to a three-year statute of limitations.  *See* Cal. Civ. Proc. Code § 338(a).

6318647                                          7

1  590 former employees, the amount of Section 203 penalties in controversy is at least

2  $2,100,000.

3       17.    In her Third Cause of Action, Plaintiff claims that Odyssey owes penalties

4  for failing to issue accurate itemized wage statements, in violation of California Labor

5  Code § 226.  *See* McLaughlin Decl., ¶ 3, Exh. A (Complaint, ¶¶ 34-37).  Under Section

6  226, an employee is entitled to recover either his or her actual damages, or penalties

7  amounting to $50 for the first pay period in which a violation of the statute occurs and

8  $100 for each subsequent violation, up to a maximum aggregate penalty of $4,000.

9  Plaintiff claims that each class member received an inaccurate wage statement "upon

10  each payment of wages."  *See* McLaughlin Decl., ¶ 3, Exh. A (Complaint, ¶ 35).  Since

11  November 6, 2007, at least 300 individuals have worked in the relevant job positions in

12  California in each pay period.  Scoggins Decl., ¶ 15.  Accordingly, the alleged penalties

13  exceed $30,000 per pay period (300 employees multiplied by $100).  Over the course of

14  the past year, therefore, the aggregate alleged penalties exceed $780,000 ($30,000 times

15  26 bi-weekly pay periods).

16       18.    In her First Cause of Action, Plaintiff alleges that Odyssey failed to pay

17  overtime compensation to individuals within the class she seeks to represent.  *See*

18  McLaughlin Decl., ¶ 3, Exh. A (Complaint, ¶¶ 22-28).  On average, members of the

19  putative class were paid an hourly rate of more than $23.  Scoggins Decl., ¶ 14.

20  Therefore, on average, the overtime rate is more than $34.50.  *See* Cal. Lab. Code

21  § 510(a) (overtime rate is calculated at one-and-one half times the employee's regular

22  rate of pay).  Plaintiff alleges that, "[o]n occasions too numerous to list," she and the

23  putative class members worked "in excess of eight hours in a workday and 40 hours in a

24  workweek without receiving any overtime compensation."  *See* McLaughlin Decl., ¶ 3,

25  Exh. A (Complaint, ¶ 17).  Since November 6, 2004, at least 275 employees have

26  worked in the relevant job positions in California at any given time.  Scoggins Decl.,

27  ¶ 15.  Assuming, for purposes of this Notice only, that each employee worked one hour

28

1   of overtime per week, the amount in controversy is approximately $1,900,000 (275

2   times $34.50 times 200 weeks).

3         19.    In her Second Cause of Action, Plaintiff alleges that she and the members

4   of the proposed class were "regularly" prevented from taking their meal breaks required

5   by the California Labor Code. *See* McLaughlin Decl., ¶ 3, Exh. A (Complaint, ¶¶ 29-

6   33).  Under Labor Code Section 226.7, employees are entitled to one additional hour of

7   pay for each workday in which proper meal breaks were not provided.  Since November

8   6, 2004, at least 275 employees have worked in the relevant job positions in California

9   at any given time.  Scoggins Decl., ¶ 15.  On average, these individuals earned more

10   than $23 per hour.  Scoggins Decl., ¶ 14.  Assuming, for purposes of this Notice only,

11   that Plaintiff can establish one meal break violation per employee per week, the amount

12   in controversy with respect to the meal break claim exceeds $1,200,000 (275 alleged

13   violations per week times $23 times 200 weeks).

14         20.    In short, without even considering Plaintiff's claim for civil penalties under

15   the California Labor Code Private Attorneys General Act of 2004, or Plaintiff's request

16   for attorneys' fees, the total amount in controversy exceeds the $5,000,000 threshold.

17   *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (where attorneys' fees

18   are provided by statute, the amount of those fees is included in the amount-in-

19   controversy for purposes of diversity jurisdiction).

20         21.    There are no grounds that would justify this Court in declining to exercise

21   its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or requiring it to decline to exercise

22   jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

23         22.    **Venue**.  The United States District Court for the Central District of

24   California is the judicial district embracing the place where Case No. BC401527 was

25   filed by Plaintiff and is therefore the appropriate court for removal pursuant to

26   28 U.S.C. § 1441(a).

27   ///

28   ///

1    WHEREFORE, Defendant Odyssey HealthCare, Inc. requests that the above

2  action now pending against it in the Superior Court of California, County of Los

3  Angeles, be removed therefrom to this Court.

4

5  Dated:  January 2, 2009                **AKIN GUMP STRAUSS HAUER &**
                                          **FELD LLP**

6

7                                          By_____

8                                             GARY M. MCLAUGHLIN
                                              Attorneys for Defendant,
9                                          ODYSSEY HEALTHCARE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6318647                                    10

DEFENDANT ODYSSEY HEALTHCARE, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332(D)(2), 1441, 1446, AND 1453

# Declaration

## DECLARATION OF BEVERLY SCOGGINS

I, Beverly Scoggins, certify and declare as follows:

1.      I am currently employed as the Director of Human Resources and Benefits for Odyssey HealthCare, Inc. ("Odyssey") and its subsidiaries. In that position, I am familiar with and have personal knowledge of Odyssey's corporate organization, operations, policy-making procedures, workforce distribution, and general business affairs. I submit this declaration in support of Defendant Odyssey HealthCare, Inc.'s Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453.

2.      Odyssey HealthCare GP, LLC, a subsidiary of Odyssey, was the employer of Charlia Cornish, a former employee.

3.      Odyssey is a corporation organized and incorporated under the laws of the State of Delaware. Odyssey has not been incorporated in California. Odyssey maintains its corporate headquarters at 717 North Harwood Street, Suite 1500, Dallas, Texas 75201.

4.      Odyssey does not employ anyone in California. The only subsidiaries of Odyssey that employ people in California are Odyssey HealthCare GP, LLC and Odyssey HealthCare Management, LP, the latter of which employs only three individuals in California (a regional vice president, a regional vice president of sales, and a regional clinical director). These subsidiaries employ individuals in 30 states, and employ more individuals in Texas (approximately 2,100 people) than in any other state, including approximately four times the number of individuals employed in California (approximately 525 people).

5.      Through its subsidiaries, Odyssey occupies more square feet of property (approximately 350,000 square feet) in Texas – including hospice offices, in-patient facilities, and administrative offices – than in any other state. In California, through its subsidiaries, Odyssey occupies approximately 55,000 square feet of space.

6.      Odyssey's net revenue for 2008, through November 30, was higher in Texas ($146,492,014) than in any other state.  Odyssey's net revenue in California for that same period was $56,005,489.

7.      From its headquarters in Dallas, Odyssey manages day-to-day operations, and makes and implements company-wide operating, financial, development, accounting, human resources, and legal decisions and policies.

8.      All but one of Odyssey's senior executives – including Odyssey's president and chief executive officer, chairman of the board, chief financial officer, and general counsel – reside in Texas and maintain their offices in Texas.  Odyssey's senior vice president of sales and marketing resides in South Carolina.  None of Odyssey's senior executives resides or maintains an office in California.

9.      Odyssey's annual stockholder meeting is held in Texas.  Three out of four regularly scheduled, quarterly board meetings are held in Texas.

10.     Odyssey's financial and tax records are maintained in Texas.

11.     Odyssey's tax returns are filed from Texas.

12.     I understand that Plaintiff Charlia Cornish seeks to represent a class that would include all employees in California, from November 6, 2004 to present, with the job titles of "admission nurse," "case manager registered nurse," "licensed vocational nurse," "registered nurse," "home health aide," "medical social worker," "triage coordinator," "office manager," "patient care secretary," or "spiritual counselor."  Those job titles appear to correspond to the following positions:  RN, admissions; licensed vocational nurse; licensed vocational nurse, continuous care; licensed vocational nurse, on call; RN; RN, on call; RN, continuous care; RN, triage; home health aide; home health aide, continuous care; medical social worker; RN, regional triage; office manager; patient care secretary; and spiritual care coordinator.  During the period November 6, 2004 to December 31, 2008, Odyssey HealthCare GP, LLC employed approximately 1,140 individuals in California in these job positions.

13.     Since November 6, 2005, there have been more than 590 individuals who worked for Odyssey HealthCare GP, LLC in California in the following positions, who are no longer employed by the company: RN, admissions; licensed vocational nurse; licensed vocational nurse, continuous care; licensed vocational nurse, on call; RN; RN, on call; RN, continuous care; RN, triage; home health aide; home health aide, continuous care; medical social worker; RN, regional triage; office manager; patient care secretary; or spiritual care coordinator.  On average, these individuals earned more than $24 per hour.  This rate is based on the starting hourly rate that each such individual earned in one of the above-mentioned job positions during the period of November 6, 2005 to the present.  On average, these individuals typically were scheduled for shifts of greater than five hours each day.

14.     On average, individuals employed by Odyssey HealthCare GP, LLC in California, from November 6, 2004 to present, in the position of RN, admissions; licensed vocational nurse; licensed vocational nurse, continuous care; licensed vocational nurse, on call; RN; RN, on call; RN, continuous care; RN, triage; home health aide; home health aide, continuous care; medical social worker; RN, regional triage; office manager; patient care secretary; or spiritual care coordinator, were paid an hourly rate of more than $23.  This rate is based on the starting hourly rate that each such individual earned in one of the above-mentioned job positions during the period of November 6, 2004 to the present.

///

///

///

///

6318647

DEFENDANT ODYSSEY HEALTHCARE, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332(D)(2), 1441, 1446, AND 1453

15.    Since November 6, 2004, at least 275 individuals have worked at any given time in the position of RN, admissions; licensed vocational nurse; licensed vocational nurse, continuous care; licensed vocational nurse, on call; RN; RN, on call; RN, continuous care; RN, triage; home health aide; home health aide, continuous care; medical social worker; RN, regional triage; office manager; patient care secretary; or spiritual care coordinator in California. At least 300 individuals in California have worked in these job positions each pay period since November 6, 2007. The above-mentioned individuals are paid on a bi-weekly basis.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 2nd day of January, 2009, in Dallas, Texas.

Beverly Scoggins

# Declaration

## DECLARATION OF GARY M. MCLAUGHLIN

I, Gary M. McLaughlin, certify and declare as follows:

1.     I am an attorney in the law firm of Akin Gump Strauss Hauer & Feld LLP, counsel of record for the defendant in this action. I make this declaration of my own personal knowledge, and if called as a witness, could and would testify competently to the facts stated herein. I submit this declaration in support of Defendant Odyssey HealthCare, Inc.'s ("Odyssey") Notice of Removal.

2.     On November 6, 2008, a Complaint was filed against Odyssey in the Superior Court of California, County of Los Angeles, as Case No. BC401527, entitled *CHARLIA CORNISH, an individual and an "aggrieved employee" under the California Labor Code Private Attorney General Act, on her own behalf and on behalf of all others similarly situated, Plaintiff, vs. ODYSSEY HEALTHCARE, INC., a Delaware corporation; and DOES 1 through 100, inclusive, Defendants.* On December 4, 2008, Odyssey was served with the complaint.

3.     Attached as **Exhibit A** is a true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment – Unlimited Civil Case, Alternative Dispute Resolution Package, and Proof of Service served on CT Corporation, Odyssey's registered agent for service of process, on December 4, 2008, and forwarded to Odyssey.

4.     On December 29, 2008, Odyssey was served with Plaintiff's Notice of Hearing re Objection to Non-Complex Designation, providing notice of a December 18, 2008 hearing on Plaintiff's Objection.

5.     Attached as **Exhibit B** is a true and correct copy of the Proof of Service, Plaintiff's Notice of Hearing re Objection to Non-Complex Designation, including the attached exhibits, and a Proof of Service by mail dated December 9, 2008, served on CT Corporation on December 29, 2008, and forwarded to Odyssey.

15

DEFENDANT ODYSSEY HEALTHCARE, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

6.      Attached as **Exhibit C** is a true and correct conformed copy of Odyssey's Answer to Plaintiff's Complaint, filed in Los Angeles County Superior Court on December 31, 2008.

7.      Attached as **Exhibit D** is a true and correct copy of the Civil Case Summary from the Superior Court's website as of January 2, 2009.

8.      Odyssey has not been served with anything in Los Angeles County Superior Court Case No. BC401527 other than the documents attached as Exhibits A-B to the McLaughlin Declaration.

9.      Odyssey has no further information about documents filed, or proceedings held, in Los Angeles County Superior Court Case No. BC401527, other than what is reflected on the Civil Case Summary and in Exhibits A-C to my Declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 2, 2009, at Los Angeles, California.

Gary M. McLaughlin

DEFENDANT ODYSSEY HEALTHCARE, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

# Exhibit A

 **CT Corporation**

**Service of Process Transmittal**
12/05/2008
CT Log Number 514165638

**TO:**  Brad Bickham
Odyssey Healthcare, Inc.
717 North Harwood, Suite 1500
Dallas, TX 75201-

**RE:**  **Process Served in California**

**FOR:**  ODYSSEY HEALTHCARE, INC. (Domestic State: DE)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Charlia Cornish, an individual and an "aggrieved employee" under the California Labor Code Private Attorney General Act, on her own behalf and on behalf of all others similarly situated, Pltf. vs. Odyssey Healthcare, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Cover Sheet Addendum, Notice, Attachment(s), Stipulation Form |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, Hill Street, CA Case # BC401527 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to to pay overtime compensation - Failure to provide meal breaks |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Walnut Creek, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/04/2008 at 14:50 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark A. Ozzello Arias Ozzello & Gignac, LLP 6701 Center Drive West #1400 Los Angeles, CA 90045 310-670-1600 |
| **REMARKS:** | Secretary of State of California has confirmed that CT Corporation System is agent. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/05/2008, Expected Purge Date: 12/10/2008 Image SOP Email Notification, Brad Bickham bbickham@odsyhealth.com Email Notification, Kristin Ortega kortega@odsyhealth.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / MV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

12/04/08 @ 2:50

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 06 2008

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Odyssey Healthcare, Inc., a Delaware Corporation; and
DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Charlia Cornish, an individual and an "aggrieved
employee" under the California Labor Code Private
Attorney General Act, on her own behalf and of all
others similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* BC401527 |
|---|---|

Los Angeles Superior Court-Stanley Mosk Courthouse
111 N. Hill Street
111 N. Hill Street
Los Angeles, California 90012-3014
Central District

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark A. Ozzello (CSB #116595)          (310) 670-1600  (310) 670-1231
Arias Ozzello & Gignac, LLP
6701 Center Drive West, #1400
Los Angeles, CA 90045

DATE:                                    Clerk, by _____, Deputy
*(Fecha)* NOV 06 2008  John A. Clarke  *(Secretario)* D.M. Swain  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Odyssey Healthcare, Inc., a delaware corporation
   under: [X] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):* 12/04/08

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

18

1  Mike Arias, Esq. (CSB #115385)
2  Mark A. Ozzello, Esq. (CSB #116595)
   Mikael H. Stahle, Esq. (CSB #182599)
   Mark J. Bloom, Esq. (CSB #223783)
3  **ARIAS OZZELLO & GIGNAC LLP**
   6701 Center Drive West, Suite 1400
4  Los Angeles, California 90045-1558
   Tel: (310) 670-1600
5  Fax: (310) 670-1231
6  Attorneys for Plaintiff

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 06 2008

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF LOS ANGELES**

10

| | |
|---|---|
| 11  CHARLIA CORNISH, an individual and an "aggrieved employee" under the California Labor Code Private Attorney General Act, on her own behalf and on behalf of all others similarly situated, | CASE NO.   **BC401527** |
| 12 | **CLASS ACTION** |
| 13 | **COMPLAINT** |
| 14                          Plaintiff, | **1)  FAILURE TO PAY OVERTIME COMPENSATION (Lab. Code §§ 510, 1194, and 1198);** |
| 15        vs. | |
| 16  ODYSSEY HEALTHCARE, INC., a Delaware corporation; and DOES 1 through 100, inclusive, | **2)  FAILURE TO PROVIDE MEAL BREAKS (Lab. Code §§ 226.7 & 512);** |
| 17 | |
| 18                          Defendants. | **3)  FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (Lab. Code § 226(a));** |
| 19 | |
| 20 | |
| 21 | **4)  FAILURE TO PAY WAGES UPON ENDING EMPLOYMENT (Lab. Code § 203);** |
| 22 | |
| 23 | **5)  PENALTIES UNDER PRIVATE ATTORNEY GENERAL ACT (Lab. Code §§ 2699, et seq.); and** |
| 24 | |
| 25 | **6)  UNFAIR COMPETITION (Bus. & Prof. Code §§ 17200, et seq.)** |
| 26 | **DEMAND FOR JURY TRIAL** |

27

28

Page 1

COMPLAINT

1  **JURISDICTION AND VENUE**

2      1.    This Court has jurisdiction over this action pursuant to CAL. CIV. PROC.

3  CODE § 410.10. The action is brought pursuant to CAL. CIV. PROC. CODE § 382, CAL. CIV.

4  CODE § 1781, *et seq.*, the procedural provisions of Rule 23 of the FED. RULES OF CIV.

5  PROC. and CAL. BUS. & PROF. CODE §§ 17200, *et seq.* Class Plaintiffs bring this action on

6  their own behalf and on behalf of all persons within the Subclasses defined herein.

7      2.    Venue is proper in this Court pursuant to CAL. CIV. PROC. CODE §§ 395 and

8  395.5 because the injuries to the persons complained of herein occurred in the County of

9  Los Angeles and because Defendants transact business and may be found within Los

10  Angeles County.

11  **THE PARTIES**

12  **CLASS DEFINITION**

13      3.    The class that Plaintiff seeks to represent (sometimes hereinafter referred to

14  as the "CLASS" or the "PLAINTIFF CLASS") consists of the following persons:

15      All persons employed by Defendant ODYSSEY HEALTHCLARE, INC.
   ("ODYSSEY") in California as an Admission Nurse ("AN"), a Case Manager
16      Registered Nurse ("CMRN"), a Licensed Vocational Nurse ("LVN"), a
   Registered Nurse ("RN"), a Home Health Aide ("HHA"), a Medical Social
17      Worker ("MSW"), a Triage Coordinator ("TC"), an Office Manager ("OM"),
   a Patient Care Secretary ("PCS"), or a Spiritual Counselor ("SC") at any time
18      on or after November 6, 2004.

19      4.    Plaintiff CHARLIA CORNISH ("PLAINTIFF") was, at all times mentioned

20  herein:

21      a.    An individual who resides in Gardena, County of Los Angeles,

22      California;

23      b.    A Triage Coordinator who was employed by ODYSSEY from on or

24      about 1989 to June of 2007;

25      c.    Denied overtime compensation for all time worked over eight hours in

26      a day and 40 hours in a week; denied meal breaks without proper

27      compensation; denied accurate itemized wage statements; denied the

28      timely payment of wages earned upon leaving her employment with

ARIAS OZZELLO & GIGNAC LLP

2      Page 2

20

ODDYSSEY;

d.    A member of the CLASS described in Paragraph 3 of this Complaint.

5.    PLAINTIFF brings this action individually and on behalf of all similarly situated persons pursuant to CAL. BUSINESS & PROFESSIONS CODE §§ 17203 and 17204 and CALIFORNIA CODE OF CIVIL PROCEDURE § 382.

6.    The persons who comprise the CLASS are so numerous that joinder of all such persons is impracticable, and the disposition of their claims will benefit the parties and the Court. The claims of the PLAINTIFF are typical of the claims of the CLASS which PLAINTIFF seeks to represent. The PLAINTIFF will fairly and adequately protect the interests of the CLASS which she seeks to represent. The PLAINTIFF does not have any interests which are antagonistic to the CLASS which she seeks to represent. Counsel for the PLAINTIFF is experienced, qualified and generally able to conduct complex CLASS action litigation.

7.    This Court should permit this action to be maintained as a CLASS action pursuant to *Cal. Civ. Proc. Code* § 382 because:

a.    The questions of law and fact common to the CLASS predominate over any question affecting only individual members;

b.    A CLASS action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CLASS;

c.    The members of the CLASS are so numerous that it is impractical to bring all members of the CLASS before the Court;

d.    PLAINTIFF, and the other members of the CLASS, will not be able to obtain effective and economic legal redress unless the action is maintained as a CLASS action;

e.    There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which DEFENDANT ODYSSEY is responsible in an amount sufficient to adequately compensate

Page 3

COMPLAINT

21

ARIAS OZZELLO & GIGNAC LLP

1  the members of the CLASS for the injuries sustained;

2     f.     Without CLASS certification, the prosecution of separate actions by

3  individual members of the CLASS would create a risk of:

4          (i)     Inconsistent or varying adjudications with respect to individual

5                  members of the CLASS which would establish incompatible

6                  standards of conduct for DEFENDANT ODYSSEY; and/or

7          (ii)    Adjudications with respect to the individual members which

8                  would, as a practical matter, be dispositive of the interests of

9                  other members not parties to the adjudications, or would

10                 substantially impair or impede their ability to protect their

11                 interests, including but not limited to the potential for

12                 exhausting the funds available from those parties who are, or

13                 may be, responsible DEFENDANT ODYSSEY; and,

14     g.     DEFENDANT ODYSSEY has acted or refused to act on grounds

15  generally applicable to the CLASS, thereby making final injunctive relief

16  appropriate with respect to

17  the CLASS as a whole.

18     8.     PLAINTIFF and PLAINTIFF CLASS contemplate the eventual issuance of

19  notice to the proposed Class Members of the Class that would set forth the subject and

20  nature of the instant action.  The ODYSSEY's own business records may be utilized for

21  assistance in the preparation and issuance of the contemplated notices.  To the extent that

22  any further notices may be required, PLAINTIFFS would contemplate the use of additional

23  media and/or mailings.

24                                    **DEFENDANT**

25     9. PLAINTIFF is informed and believes, and based upon that information and belief

26  alleges, that DEFENDANT ODYSSEY is, and at all times herein mentioned was:

27          a.  An Delaware corporation;

28          b.  A citizen of California;

ARIAS OZZELLO & GIGNAC LLP

4

1      c. Having its principal place of business in California; and

2      d. Doing business in Los Angeles County, California.

3     10.    The true names and capacities, whether individual, corporate, partnership,

4  associate or otherwise of DEFENDANT Does 1 through 100, inclusive, are unknown to the

5  PLAINTIFF and who therefore sue these DEFENDANTS by such fictitious names pursuant

6  to *California Code of Civil Procedure* § 474.  The PLAINTIFF will seek leave to amend

7  this Complaint to allege the true names and capacities of Does 1 through 100, inclusive,

8  when they are ascertained.

9     11.    The PLAINTIFF is informed and believes, and based upon that information

10  and belief alleges, that the DEFENDANT named in this Complaint, including Does 1

11  through 100, inclusive, are responsible in some manner for one or more of the events and

12  happenings that proximately caused the injuries and damages hereinafter alleged.

13     12.    The PLAINTIFF is informed and believes, and based upon that information

14  and belief alleges, that each of the DEFENDANT, including Does 1 through 100, inclusive,

15  in performing or omitting to perform the acts alleged hereinafter, were, at various times,

16  acting within the course and scope of his or her employment, authority, or apparent

17  authority as an employee, agent and/or representative of the other DEFENDANT.  The

18  PLAINTIFF is further informed and believes, and based upon that information and belief

19  alleges, that at various other times said DEFENDANT, in performing or omitting to

20  perform the acts alleged hereinafter, acted outside the course and scope of said

21  employment, authority, or apparent authority, did not utilize or operate through any

22  corporations or businesses, and were not engaged in any business activities whatsoever, but

23  rather, were acting outside the realm of any business individually liable for all damages

24  alleged herein, jointly and severally.

25     13.    The PLAINTIFF is informed and believes, and based upon that information

26  and belief alleges, that each DEFENDANT named in this Complaint, including Does 1

27  through 100, inclusive, knowingly and willfully acted in concert, conspired and agreed

28  together among themselves and entered into a combination and systemized campaign of

ARIAS OZZELLO & GIGNAC LLP

1   activity to *inter alia* damage the PLAINTIFF and to otherwise consciously and/or

2   recklessly act in derogation of the PLAINTIFF's rights, and the trust reposed by the

3   PLAINTIFF in each of said DEFENDANTS, said acts being negligently and/or

4   intentionally inflicted.  Said conspiracy, and DEFENDANTS' concerted actions, were such

5   that, to the PLAINTIFF information and belief, and to all appearances, DEFENDANTS,

6   and each of them, represented a unified body so that the actions of one DEFENDANT were

7   accomplished in concert with, and with knowledge, ratification, authorization and approval

8   of each of the other DEFENDANTS.

9       14.    The PLAINTIFF is informed and believes, and based upon that information

10  and belief alleges, that each of the DEFENDANTS named in this Complaint, including

11  Does 1 through 100, inclusive, are, and at all times mentioned herein was, the agent,

12  servant and/or employee of each of the other DEFENDANTS and that each DEFENDANT

13  was acting within the course of scope of his, her or its authority as the agent, servant and/or

14  employee of each of the other DEFENDANTS.  Consequently, all of the DEFENDANTS

15  are jointly and severally liable to the PLAINTIFF CLASS for the damages sustained as a

16  proximate result of their conduct.

17                          **THE CONDUCT**

18      15.    DEFENDANT ODYSSEY is among the largest providers in the country of

19  end-of-life medical services, commonly known as "hospice" care, to terminally ill patients.

20  DEFENDANT ODYSSEY provides hospice care to patients and families throughout the

21  State of California, on a contract basis.  On its website, www.odyssey-healthcare.com,

22  DEFENDANT ODYSSEY states that "[I]n 2004, they provided care to more than 38,000

23  patients and families."

24      16.    PLAINTIFF was employed by DEFENDANT ODYSSEY in a position as a

25  Triage Coordinator. As a Triage Coordinator, PLAINTIFF was, among other things,

26  required to do the following: receive emergency phone calls from patients, staff and

27  doctors; call "runners" or send a nurse for patient care.

28      17.    PLAINTIFF, entered into oral agreements of employment with

6

ARIAS OZZELLO & GIGNAC LLP

DEFENDANT ODYSSEY wherein she would receive an hourly salary, which was determined by the position and/or experience of PLAINTIFF and PLAINTIFF CLASS. In addition, PLAINTIFF was told she would be provided meal periods each workday. On occasions too numerous to list here, PLAINTIFF and PLAINTIFF CLASS's work required them to work in excess of eight hours in a workday and 40 hours in a workweek without receiving any overtime compensation.

18.    PLAINTIFF was required, on occasion, to work a shift which exceeded eight hours. DEFENDANT ODYSSEY however, has failed to compensate PLAINTIFF and PLAINTIFF CLASS, for time worked in excess of eight hours in a work day and/or 40 hours in any given week.

19.    In addition, PLAINTIFF and PLAINTIFF CLASS would be required, on occasion, to work without a 30-minute meal break for every five-hour increment of time worked. DEFENDANT ODYSSEY, however, failed to reimburse PLAINTIFF and PLAINTIFF CLASS at a rate of an hour's pay at the employee's regular rate of pay.

20.    Put simply, DEFENDANT ODYSSEY operates to maximize profits at the expense of its employees and through multiple schemes which:

      i. deprived its employees of mandated wages; and,

      ii. requires its employees to work more than eight (8) hours in a work day and/or forty (40) hours in any given week without receiving overtime compensation; and,

      iii. deprived its employees of requisite meal and periods; and,

      iv. deprived its employees with itemized statements of wages earned.

21.    The PLAINTIFF and PLAINTIFF CLASS, and other similarly situated employees, are entitled to unpaid overtime compensation plus interest, and attorneys fees.

///

///

///

///

ARIAS OZZELLO & GIGNAC LLP

7

## FIRST CAUSE OF ACTION

## FOR FAILURE TO PAY OVERTIME COMPENSATION

### [Labor Code §§ 510, 1194, and 1198]

### (By The PLAINTIFF and PLAINTIFF CLASS and Against DEFENDANT)

22.   The PLAINTIFF and PLAINTIFF CLASS re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 21, inclusive, of this Complaint.

23.   *Cal. Labor Code* § 510 provides that employees shall not be employed more than eight (8) hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.

24.   *Cal. Labor Code* §§1194 provides that an employee who has not been paid overtime compensation as required by Section 1198 may recover the unpaid balance of the full amount of such overtime compensation, together with costs of suit, penalties, interest thereon, and attorneys fees in a civil action.

25.   At all times relevant hereto, PLAINTIFF, and the members of the PLAINTIFF CLASS, have worked more than eight hours in a workday, as employees of Defendant ODYSSEY. Further, at all times relevant hereto, PLAINTIFF, and the members of the CLASS, have been paid on an hourly basis.

26.   At all times relevant hereto, Defendant ODYSSEY, failed to pay to the PLAINTIFF and PLAINTIFF CLASS overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by *Cal. Labor Code* §§510, 1194 and 1198.

27.   By virtue of the DEFENDANT ODYSSEY's unlawful failure to pay additional compensation to the PLAINTIFF and PLAINTIFF CLASS for their overtime hours, the PLAINTIFF and PLAINTIFF CLASS has suffered, and will continue to suffer, damages in amounts which are presently unknown to the PLAINTIFF and PLAINTIFF CLASS but which exceed the jurisdictional limits of this Court, and which will be ascertained according to proof at trial.

ARIAS OZZELLO & GIGNAC LLP

1    28.    The PLAINTIFF and PLAINTIFF CLASS are also entitled to seek and

2  recover interest, penalties and reasonable attorneys' fees and costs pursuant to *Cal. Labor*

3  *Code* §§ 218.5 and 1194.

### SECOND CAUSE OF ACTION

### FOR FAILURE TO PROVIDE MEAL BREAKS

*[Labor Code §§ 226.7 & 512]*

**(By The PLAINTIFF and PLAINTIFF CLASS and Against DEFENDANT)**

8    29.    PLAINTIFF and the PLAINTIFF CLASS re-allege and incorporate by

9  reference, as though fully set forth herein, paragraphs 1 through 28 of this Complaint.

10    30.    *Cal. Labor Code* § 512 and 8 *Cal. Code Regs.* § 11070, Subdiv. 11(A)-(B)

11  require that an employer provide its employees with a 30-minute meal break for every five-

12  hour increment of time worked.

13    31.    *Cal. Labor Code* § 226.7 further requires that for every meal break it fails to

14  provide, the employer must reimburse the employee at a rate of an hour's pay at the

15  employee's regular rate of pay.

16    32.    PLAINTIFF and the other members of the CLASS, regularly worked five-

17  hour increments and were prevented from taking statutorily mandated meal breaks during

18  their shifts. They were unable to avail themselves of such breaks for various reasons,

19  including but not limited to, the pressures from their workloads and from management.

20    33.    By virtue of DEFENDANT ODYSSEY's unlawful failure to authorize,

21  permit, and provide meal breaks as required by law, the PLAINTIFF and the other members

22  of the CLASS have suffered, and will continue to suffer, damages in amounts which are

23  presently unknown to them but which exceed the jurisdictional limits of this Court and

24  which will be ascertained according to proof at trial.

25  ///

26  ///

27  ///

28  ///

9

ARIAS OZZELLO & GIGNAC LLP

### THIRD CAUSE OF ACTION

### FOR FAILURE TO PROVIDE ACCURATE

### ITEMIZED WAGE STATEMENTS

*[Labor Code § 226]*

**(By The PLAINTIFF and PLAINTIFF CLASS and Against DEFENDANT)**

34.    PLAINTIFF and the PLAINTIFF CLASS re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 33 of this Complaint.

35.    Throughout the Class Period, DEFENDANT ODYSSEY intentionally failed to furnish to PLAINTIFF, and the PLAINTIFF CLASS, upon each payment of wages, itemized statements accurately showing: total hours worked, the applicable hourly rates in effect during each pay period and the corresponding hours worked at each hourly rate.

36.    PLAINTIFF and the PLAINTIFF CLASS, were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid overtime, even though they were so entitled and because the failures hindered them from determining the amounts of overtime wages owed to them.

37.    PLAINTIFF and the PLAINTIFF CLASS, are therefore entitled to the amounts provided in *Cal. Labor Code* § 226(e), plus costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

### FOR FAILURE TO PAY WAGES UPON

### ENDING EMPLOYMENT

*[Labor Code § 203]*

**(By The PLAINTIFF and PLAINTIFF CLASS and Against DEFENDANT)**

38.    PLAINTIFF and the PLAINTIFF CLASS re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 37 of this Complaint.

39.    PLAINTIFF and many of the PLAINTIFF CLASS quit or were discharged from their employment with DEFENDANT ODYSSEY within the applicable statute of limitations.

///

ARIAS OZZELLO & GIGNAC LLP

10

40.     However, DEFENDANT ODYSSEY failed to pay them without abatement, all wages as defined by applicable California law. Among other things, these employees were not paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint. The failure of DEFENDANT ODYSSEY to pay said wages within the required time was willful within the meaning of *Cal. Labor Code* § 203.

41.     Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of 30 days' wages for each employee. Because none of the employees were ever paid the overtime wages to which they were entitled, each of the employees is entitled to 30 days of wages.

## FIFTH CAUSE OF ACTION
## FOR PENALTIES UNDER PRIVATE
## ATTORNEY GENERAL ACT
### [*Labor Code* § 2699, *et seq.*]

**(By The PLAINTIFF and PLAINTIFF CLASS and Against DEFENDANTS)**

42.     PLAINTIFF and the PLAINTIFF CLASS reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 41 of this Complaint.

43.     *Cal. Labor Code* § 2698-2699 *The Labor Code Private Attorneys General Act of 2004* expressly establishes that any provision of the *Cal. Labor Code* which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA"), or any of its departments, divisions, commissions, boards agencies or employees for a violation of the *Cal. Labor Code*, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

44.     Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

ARIAS OZZELLO & GIGNAC LLP

45.     PLAINTIFF, and members of the PLAINTIFF CLASS are "aggrieved employees" as defined by *Cal. Labor Code* §2699 in that they are all current or former employees of ODYSSEY, and one or more of the alleged violations was committed against them.

46.     PLAINTIFF assert all of their claims in this SAC against DEFENDANTS on behalf of all aggrieved employees in their capacity as private attorneys general, and seek all statutory penalties available under the *Cal. Labor Code*.

47.     Pursuant to *Cal. Labor Code* §2699, PLAINTIFF, individually, and on behalf of all aggrieved employees, request and are entitled to recover from DEFENDANTS overtime compensation according to proof, interest, attorney's fees and costs pursuant to *Cal. Labor Code* §§218.5 and 1194(a), as well as all statutory penalties against DEFENDANTS, including but not limited to:

      a.    Where penalties are not already specified in the applicable provision of the California Labor Code, penalties under *Cal. Labor Code* §2699 in the amount of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

      b.    Penalties under *Cal. Code of Regulations Title 8*, set forth in the applicable Wage Order, in the amount of $50 for each aggrieved employee per pay period for an initial violation, and $100 for each aggrieved employee per pay period for each subsequent violation;

      c.    Penalties under *Cal. Labor Code* §210 in addition to, and entirely independent and apart from, any other penalty provided in the *Cal. Labor Code*, in the amount of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation or any willful or intentional violation, plus 25% of the wages wrongfully withheld; and,

**ARIAS OZZELLO & GIGNAC LLP**

ARIAS OZZELLO & GIGNAC LLP

d.    Any and all additional penalties and sums as provided by the *Cal. Labor Code* and/or other statutes.

48.   In addition thereto PLAINTIFF seek and are entitled to have 75% of all recovered penalties allocated to the LWDA and 25% to the aggrieved employees.

49.   Further, PLAINTIFF are entitled to seek and recover reasonable attorneys' fees and costs pursuant to *Cal. Labor Code* §§2699, 218.5, 1194, 210 and 212 and any other applicable statute.

50.   On October 5, 2007, PLAINTIFF sent a certified letter to the LWDA and to DEFENDANTS, through their counsel, as prescribed by the *California Labor Code*. The LWDA responded in a letter dated October 30, 2007, indicating it did not intend to investigate the allegations. Therefore, PLAINTIFF may proceed to include a claim for penalties pursuant to *California Labor Code* § 2699.

## SIXTH CAUSE OF ACTION

## FOR UNFAIR COMPETITION

### [*Bus. & Prof. Code* § 17200, *et seq.*]

### (By The PLAINTIFF and PLAINTIFF CLASS and Against DEFENDANT)

51.   PLAINTIFF and the PLAINTIFF CLASS re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 50 of this Complaint.

52.   DEFENDANT ODYSSEY, is a "person" as that term is defined under *Cal. Bus. & Prof. Code* § 17021.

53.   Since October 31, 2004, and at all times relevant hereto, by and through the conduct described herein, DEFENDANT ODYSSEY has engaged in unfair and unlawful practices by failing to pay the PLAINTIFF and PLAINTIFF CLASS, and all persons similarly situated, for hours worked and/or overtime compensation, and has failed to provide the PLAINTIFF and PLAINTIFF CLASS with the required meal periods, pursuant to the applicable California Labor Code, Industrial Welfare Commission, and California Code of Regulation requirements in violation of *Cal. Bus. & Prof. Code* §§ 17200 *et seq.*, and has thereby deprived the PLAINTIFF and PLAINTIFF CLASS and all persons

1    similarly situated, of fundamental rights and privileges guaranteed to all employees under

2    the *Cal. Labor Code*.

3        54.    By and through the unfair and unlawful business practices described herein,

4    DEFENDANT ODYSSEY has obtained valuable property, money and services from the

5    PLAINTIFF and PLAINTIFF CLASS and all persons similarly situated, and have deprived

6    the PLAINTIFF and PLAINTIFF CLASS, and all persons similarly situated, of valuable

7    rights and benefits guaranteed by the law, all to their detriment.

8        55.    All of the acts described herein as violations of, among other things, the

9    *California Labor Code* and *Industrial Welfare Commission Wage Order*, are unlawful and

10   in violation of public policy; and in addition are immoral, unethical, oppressive, and

11   unscrupulous, and thereby constitute unfair and unlawful business practices in violation of

12   *Cal. Bus. & Prof. Code* §17200 *et seq.*

13       56.    The PLAINTIFF, and all persons similarly situated, are entitled to, and do,

14   seek such relief as may be necessary to restore to them the money and property which

15   DEFENDANT ODYSSEY has acquired, or of which the Plaintiff has been deprived, by

16   means of the above-described unfair and unlawful business practices.

17       57.    The PLAINTIFF, and all persons similarly situated, are further entitled to,

18   and do, seek a declaration that the above-described business practices are unfair and

19   unlawful and that an injunctive relief should be issued restraining DEFENDANT

20   ODYSSEY, from engaging in any of the above-described unfair and unlawful business

21   practices in the future.

22       58.    The PLAINTIFF, and all persons similarly situated, have no plan, speedy,

23   and/or adequate remedy at law to redress the injuries which she and they have suffered as a

24   consequence of the unfair and unlawful business practices of DEFENDANT ODYSSEY.

25   As a result of the unfair and unlawful business practices described above, the PLAINITFF,

26   and all persons similarly situated, have suffered and will continue to suffer irreparable

27   harm unless DEFENDANT ODYSSEY, is restrained from continuing to engage in these

28   unfair and unlawful business practices.  In addition, DEFENDANT ODYSSEY should be

ARIAS OZZELLO & GIGNAC LLP

14

COMPLAINT

1   required to disgorge the unpaid moneys to PLAINTIFF, and all persons similarly situated.

2   **PRAYER**

3   **WHEREFORE**, Plaintiffs pray for judgment as follows:

4   1.   ON THE FIRST CAUSE OF ACTION:

5   a.   For unpaid wages; and

6   b.   For all applicable penalties.

7   2.   ON THE SECOND CAUSE OF ACTION:

8   a.   For unpaid wages; and

9   b.   For all applicable penalties.

10   3.   ON THE THIRD CAUSE OF ACTION:

11   a.   For damages; and

12   b.   For all applicable penalties.

13   4.   ON THE FOURTH CAUSE OF ACTION:

14   a.   For damages; and

15   b.   For all applicable penalties.

16   5.   ON THE FIFTH CAUSE OF ACTION:

17   a.   For all applicable penalties.

18   6.   ON THE SIXTH CAUSE OF ACTION:

19   a.   For restitution and disgorgement;

20   b.   For injunctive relief ordering the continuing unfair business acts and

21   practices to cease, or as the Court otherwise deems just and proper;

22   and,

23   c.   For other injunctive relief to order Defendant to notify each member

24   of the Class that they have not been paid the proper amounts required

25   in accordance with the *California Labor Code*.

26   ///

27   ///

28   ///

15

COMPLAINT

33

ARIAS OZZELLO & GIGNAC LLP

1    7.    ON ALL CAUSES OF ACTION:

2        a.    For reasonable attorneys' fees;

3        b.    For costs of suit;

4        c.    For prejudgment interests; and

5        d.    For such other and further relief as this Court may deem just and

6            proper.

7

8    Dated: November 6, 2008            ARIAS OZZELLO & GIGNAC LLP

9

10                        By: _____

11                            MIKE ARIAS
                             MARK A. OZZELLO
12                           MIKAEL STAHLE
                             MARK J. BLOOM
13                           Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

**COMPLAINT**

34

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a trial by jury.

3

4    Dated:  November 6, 2008                ARIAS OZZELLO & GIGNAC LLP

5

6                                  By:   _____
7                                        MIKE ARIAS
8                                        MARK A. OZZELLO
                                         MIKAEL STAHLE
9                                        MARK J. BLOOM
                                         Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17                                      Page 17

                                       COMPLAINT

                                                                      35

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mark A. Ozzello (CSB #116595)<br>Arias, Ozzello & Gignac, LLP<br>6701 Center Drive West, #1400<br>Los Angeles, CA 90045<br>TELEPHONE NO.: (310) 670-1600.   FAX NO.: (310) 670-1231<br>ATTORNEY FOR (Name): Charlia Cornish | **CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court**<br><br>NOV 06 2008<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>DOROTHY SWAIN |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012-3014
BRANCH NAME: Central District

CASE NAME: Cornish v. Odyssey Healthcare, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC401527 |
| | | | JUDGE: | |
| | | | DEPT: | |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [X] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify):
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 6, 2008

Mark A. Ozzello (CSB #116595)
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>& Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

36

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach—Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Cornish v. Odyssey Healthcare, Inc. | CASE NUMBER |
|---|---|

BC 401527

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES    CLASS ACTION? [X] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 21   [ ] HOURS/ [X] DAYS

**Item II.** Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (See Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [ ] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4
LA-481

38

| SHORT TITLE: Cornish v. Odyssey Healthcare, Inc. | | CASE NUMBER | |
|---|---|---|---|

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|
| Professional<br>Negligence<br>(25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination<br>(36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☒ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation  Number of parcels _____ | 2. |
| Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer-<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer -<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer -<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

*Left margin vertical labels:* Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) · Employment · Contract · Real Property · Unlawful Detainer · Judicial Review

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 2 of 4

39

| SHORT TITLE: Cornish v. Odyssey Healthcare, Inc. | | CASE NUMBER | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 3 of 4

40

| SHORT TITLE: Cornish v. Odyssey Healthcare, Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| [X]1. [ ]2. [ ]3. [ ]4. [ ]5. [ ]6. [ ]7. [ ]8. [ ]9. [ ]10. | |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Los Angeles Superior Court</u>   courthouse in the <u>Central</u>   District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>November 6, 2008</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

Mark A. Ozzello

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0/
Page 4 of 4

41

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

**Case Number**

BC401527

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | Hon. Mary H. Strobel | 32 | 406 |
| Hon. Conrad Aragon | 49 | 509 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Elihu M. Berle | 42 | 416 | Hon. Ann I. Jones | 40 | 414 |
| Hon. (pending) | 23 | 315 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. (pending) | 33 | 409 |
| Hon. Soussan G. Bruguera | 71 | 729 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Susan Bryant-Deason | 52 | 510 | Hon. Rita Miller | 16 | 306 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. David L. Minning | 61 | 632 |
| Hon. Victoria Chaney* | 324 | CCW | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Ralph W. Dau | 57 | 517 | Hon. Joanne O'Donnell | 37 | 413 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Yvette M. Palazuelos | 28 | 318 |
| Hon. James R. Dunn | 26 | 316 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Mark Mooney | 68 | 617 | Hon. Alan S. Rosenfield | 31 | 407 |
| Hon. William F. Fahey | 78 | 730 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. (pending) | 51 | 511 | Hon. John P. Shook | 53 | 513 |
| Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 |
| Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael C. Solner | 39 | 415 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Elizabeth A. Grimes | 30 | 400 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Paul Gutman | 34 | 408 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Mary Thornton-House | 17 | 309 |
| | | | Other | | |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

Page 1 of 2

42

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.



# NEW

from the
## LOS ANGELES SUPERIOR COURT
### ADR DEPARTMENT

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice

- real estate
- trade secrets
- unfair competition

*Your case may be eligible for the court's pilot*
*Early Neutral Evaluation (ENE) program.*

◆ **ENE can reduce litigation time and costs and promote settlement.**

◆ ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

◆ **ENE is voluntary and confidential.**

◆ The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case planning suggestions and, if requested by the parties, assist in settlement.

◆ **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at www.lasuperiorcourt.org/adr*

05/11/06

44

Page 1 of 2

# PARTICIPATING PILOT COURTHOUSES:

**(General Jurisdiction Case Only)**

- **Chatsworth**
- **Pomona**
- **Santa Monica**
- **Van Nuys**
- **Stanley Mosk** (Departments listed below only.)
    - Department 15
    - Department 16
    - Department 28
    - Department 30
    - Department 31
    - Department 32
    - Department 38
    - Department 42
    - Department 47
    - Department 50
    - Department 52
    - Department 55
    - Department 56
    - Department 68
    - Department 71
    - Department 89

05/11/06

## LOS ANGELES SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a relationship they want to preserve, for example, a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an evaluator. The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Pay Panel or may hire someone privately, at their discretion. If the parties utilize the Pro Bono Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Pay Panel**  The Party Pay Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Pro Bono Panel**  The Pro Bono Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral**  The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3483 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

# LOS ANGELES COUNTY
## DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

**Asian-Pacific American Dispute Resolution Center**
**(213) 250-8190**
(Spanish & Asian languages capability)

**California Academy of Mediation Professionals**
**(818) 377-7250**

**Center for Conflict Resolution**
**(818) 380-1840**

**Inland Valleys Justice Center**
**(909) 397-5780**
(Spanish language capability)

**Office of the Los Angeles City Attorney Dispute Resolution Program**
**(213) 485-8324**
(Spanish language capability)

**Los Angeles County Bar Association Dispute Resolution Services**
**toll free number 1-877-4Resolve (737-6583) or (213) 896-6533**
(Spanish language capability)

**Los Angeles County Department of Consumer Affairs**
**(213) 974-0825**
(Spanish language capability)

**The Loyola Law School Center for Conflict Resolution**
**(213) 736-1145**
(Spanish language capability)

**Martin Luther King Legacy Association Dispute Resolution Center**
**(323) 290-4132**
(Spanish language capability)

**City of Norwalk**
**(562) 929-5603**

> DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

## THIS IS A TWO-SIDED DOCUMENT.

LAADR 007 07-04
LASC Approved

Page 1 of 2

## What is the goal of mediation?

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

## Do I need an attorney for this?

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

## How long does it take?

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties. . . | A Mediator does not… |
|---|---|
| ♦ Have productive discussions<br>♦ Avoid or break impasses<br>♦ Defuse controversy<br>♦ Generate options that have potential for mutual gain<br>♦ Better understand each other's concerns and goals<br>♦ Focus on their interests rather than their positions | ♦ Provide advice or opinions<br>♦ Offer legal information<br>♦ Make decisions for parties<br>♦ Represent or advocate for either side<br>♦ Judge or evaluate anyone or anything<br>♦ Conduct research<br>♦ "Take Sides" |

### What does it cost?

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

### What is the difference between the contractors listed and the Superior Court ADR Office?

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

### Legal Advice/Information

If you want to retain an attorney, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

Self-Help Legal Access Centers are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

Court Personnel can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

Low-income individuals may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

---

### Dispute Resolution Programs Act (DRPA) Grants Administration Office
### (213) 738-2621
**(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)**

## THIS IS A TWO-SIDED DOCUMENT.

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

**ATTORNEY FOR (Name):**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

50

| Short Title | | Case Number |
|---|---|---|
| | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | |

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

51

# Exhibit B

 **CT Corporation**

**Service of Process Transmittal**

12/29/2008
CT Log Number 514250154

**TO:** Brad Bickham
Odyssey Healthcare, Inc.
717 North Harwood, Suite 1500
Dallas, TX 75201-

**RE:** **Process Served in California**

**FOR:** ODYSSEY HEALTHCARE, INC. (Domestic State: DE)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Charlia Cornish, an individual and an "aggrieved employee" under the California Labor Code Private Attorney General Act, on her own behalf and on behalf of all others similarly situated, Pltf. vs. Odyssey Healthcare, inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice of Hearing, Minutes, Objection, Proof of Service |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, Hill Street, CA
Case # BC401527 |
| **NATURE OF ACTION:** | Employee Litigation - Notice of Hearing Re: Objection to non-complex designation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Walnut Creek, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 12/29/2008 postmarked on 12/10/2008 |
| **APPEARANCE OR ANSWER DUE:** | 12/12/08 at 11:30 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Mark A. Ozzello
Arias Ozzello & Gignac, LLP
6701 Center Drive West
#1400
Los Angeles, CA 90045
310-670-1600 |
| **REMARKS:** | Secretary of State of California has confirmed that CT Corporation System is agent. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/29/2008, Expected Purge Date: 01/03/2009
Image SOP
Email Notification, Brad Bickham bbickham@odsyhealth.com
Email Notification, Kristin Ortega kortega@odsyhealth.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street
Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  2 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CT Corporation**

**Service of Process Transmittal**
12/29/2008
CT Log Number 514250154

**TO:**  Brad Bickham
Odyssey Healthcare, Inc.
717 North Harwood, Suite 1500
Dallas, TX 75201-

**RE:**  **Process Served in California**

**FOR:**  ODYSSEY HEALTHCARE, INC. (Domestic State: DE)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Complaint, Cover Sheet, Cover Sheet Addendum, Notice, Attachment(s), Stipulation Form | By Process Server on 12/04/2008 at 14:50 | Brad Bickham Odyssey Healthcare, Inc. | 514165638 |

Page 2 of  2 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

53

1   Mike Arias, Esq. (CSB #115385)
2   Mark A. Ozzello, Esq. (CSB #116595)
    Mikael H. Stahle, Esq. (CSB #182599)
    Mark J. Bloom, Esq. (CSB #223783)
3   **ARIAS OZZELLO & GIGNAC LLP**
    6701 Center Drive West, Suite 1400
4   Los Angeles, California 90045-1558
    Tel: (310) 670-1600
5   Fax: (310) 670-1231

6   Attorneys for Class Plaintiff

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| 10  CHARLIA CORNISH, an individual and an "aggrieved employee" under the California Labor Code Private Attorney General Act, on her own behalf and on behalf of all others similarly situated, | CASE NO.  BC401527 |
| 11 | Honorable James R. Dunn Department 26 |
| 12 | |
| 13              Plaintiff, | **CLASS ACTION** |
| 14       vs. | **NOTICE OF HEARING RE OBJECTION TO NON-COMPLEX DESIGNATION** |
| 15  ODYSSEY HEALTHCARE, INC., a Delaware corporation; and DOES 1 through 100, inclusive, | Date:            December 12, 2008 |
| 16 | Time:            11;30 a.m. |
| 17              Defendants. | Dept:            324 |
| 18 | Complaint Filed: November 6, 2008 |

19   TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:

20         PLEASE TAKE NOTICE that a hearing on Class Plaintiff's Objection to Non-

21   Complex designation is set for December 18, 2008 at 11:30 a.m. in Department 324.  A true

22   and correct copy of the Minute Order is attached hereto as **Exhibit A,** and a true and

23   correct copy of the Objection is attached hereto as **Exhibit B.**

24         Telephonic appearance through CourtCall is allowed.

25   Dated: December 8, 2008               ARIAS, OZZELLO & GIGNAC, LLP

26

27                                  By: _____
                                        MIKE ARIAS
28                                        MIKAEL H. STAHLE

                                        Attorneys for Class Plaintiff

                                  Page | 1

                   NOTICE OF HEARING ON OBJECTION TO
                       NON-COMPLEX DESIGNATION

ARIAS, OZZELLO & GIGNAC, LLP

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 12/01/08                                                                DEPT. 324

HONORABLE VICTORIA CHANEY        JUDGE    E. SABALBURO      DEPUTY CLERK    ✓

HONORABLE                        JUDGE PRO TEM                              ELECTRONIC RECORDING MONITOR
#9
            C. PIEDRA, C.A.      Deputy Sheriff   NONE        Reporter

| BC401527       (NO LEGAL FILE) | Plaintiff Counsel | |
|---|---|---|
| CHARLIA CORNISH | | RECEIVED |
| VS | Defendant Counsel | DEC 4 2008 |
| ODYSSEY HEALTHCARE INC | | |
| DESIGNATED NON-COMPLEX 11/18/08 | | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court is in receipt of plaintiff's Objection To
Non-Complex Designation.

Hearing on the objection to non-complex designation is
set for 12-18-2008 at 11:30 a.m. in Department 324.

Telephonic appearance through CourtCall is allowed.

Plaintiff is ordered to give notice on all parties
forthwith and file a proof of service in Department
324.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
12-1-2008 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

                    Page   1 of   2   DEPT. 324

MINUTES ENTERED
12/01/08
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 12/01/08 | | DEPT. 324 |
| HONORABLE VICTORIA CHANEY   JUDGE | E. SABALBURO | DEPUTY CLERK   ✓ |
| HONORABLE   #9   C. PIEDRA, C.A.   Deputy Sheriff | JUDGE PRO TEM   NONE | ELECTRONIC RECORDING MONITOR   Reporter |

| | |
|---|---|
| BC401527        (NO LEGAL FILE) | Plaintiff Counsel |
| CHARLIA CORNISH VS ODYSSEY HEALTHCARE INC | Defendant Counsel |
| DESIGNATED NON-COMPLEX 11/18/08 | NO APPEARANCES |

NATURE OF PROCEEDINGS:

Date: 12-1-2008

John A. Clarke, Executive Officer/Clerk

By: **E. SABALBURO**
    ─────────────────────────
    E. Sabalburo                            J

Mikael H. Stahle
ARIAS OZZELLO & GIGNAC LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045-1558

Page   2 of   2   DEPT. 324

MINUTES ENTERED
12/01/08
COUNTY CLERK

1  Mike Arias, Esq. (CSB #115385)
   Mark A. Ozzello, Esq. (CSB #116595)
2  Mikael H. Stahle, Esq. (CSB #182599)
   Mark J. Bloom, Esq. (CSB #223783)
3  ARIAS OZZELLO & GIGNAC LLP
   6701 Center Drive West, Suite 1400
4  Los Angeles, California 90045-1558
   Tel: (310) 670-1600
5  Fax: (310) 670-1231
6  Attorneys for Class Plaintiff
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                    FOR THE COUNTY OF LOS ANGELES
10

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 2 6 2008

John A. Clarke, Executive Officer/ Clerk
By _____, Deputy
    C. PIEDRA

| | |
|---|---|
| 11  CHARLIA CORNISH, an individual and an "aggrieved employee" under the California Labor Code Private Attorney General Act, on her own behalf and on behalf of all others similarly situated,<br><br>14                Plaintiff,<br><br>15      vs.<br><br>16  ODYSSEY HEALTHCARE, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>18                Defendants. | CASE NO.  BC401527<br><br>Honorable Victoria G. Chaney Department 324<br><br>**CLASS ACTION**<br><br>**OBJECTION TO NON-COMPLEX DESIGNATION**<br><br>Complaint Filed: November 6, 2008 |

24      COMES NOW Class Plaintiff and submits her Objection to Non-Complex
25  Designation.  Class Plaintiff objects to the November 18, 2008 designation of this case as
26  non-complex and respectfully requests that the case be transferred back from Department
27  26 to Central Civil West for reassignment.
28  ///

ARIAS, OZZELLO & GIGNAC, LLP

OBJECTION TO NON-COMPLEX DESIGNATION

1

## MEMORANDUM OF POINTS & AUTHORITIES

2

### I.

3

### BACKGROUND

4        Odyssey Healthcare ("Odyssey") provides end-of-life medical services, commonly

5    known as "hospice" care, to terminally ill patients. Odyssey provides hospice care to

6    patients and families throughout California and is one of the largest hospice care providers

7    in the country. Headquartered in Texas, Odyssey states on its website (www.odyssey-

8    healthcare.com) that in 2004, it provided care to more than 38,000 patients and families.

9        As the number of days a patient will typically spend in the care of Odyssey is fairly

10   short, the company runs its hospice operations as a high-volume business dependent upon

11   visiting a large quantity of sick patients, in order to maintain a healthy bottom line.

12   Odyssey collects its money on a per-patient basis, with minimum visit requirements to

13   qualify for Medicare; the length of time spent at each visit and the attendant completion of

14   necessary paperwork are irrelevant, but the number of daily visits is of paramount

15   importance to Odyssey.

16       Odyssey distributes the patient-related job duties among "teams." These teams

17   consist of persons – "team members" – of specific disciplines that include Admission

18   Nurses, Licensed Vocational Nurses, Case Manager Registered Nurses, Registered Nurses,

19   Home Health Aides, Medical Social Workers, Triage Coordinators, Patient Care

20   Secretaries, Office Managers, and Spiritual Counselors.

21       Each of the company's eight (8) offices servicing patients in California (San Jose,

22   Bakersfield, Los Angeles, Garden Grove, Santa Ana, San Bernardino, Palm Springs, and

23   San Diego) has multiple teams, for a total of approximately 250 class members.

24       This class action, filed by one of the company's Triage Coordinators, alleges a

25   failure to pay overtime compensation, failure to provide meal and rest breaks, failure to

26   provide accurate wage statements, and unlawful business practices. Class Plaintiff also

27   seeks penalties under Labor Code section 2699, *et seq.* (PAGA). Class Plaintiff now

28

*(vertical text, left margin)* ARIAS, OZZELLO & GIGNAC, LLP

1   respectfully asks this Court to designate this matter complex pursuant to CALIFORNIA

2   RULES OF COURT, Rule 3.400 and transfer the case back to Central Civil West.

3                                          II.

4   **THIS ACTION REQUIRES THE EXCEPTIONAL JUDICIAL MANAGEMENT**

5   **SKILLS AVAILABLE ONLY IN THE COURT'S COMPLEX DEPARTMENT**

6           CALIFORNIA RULES OF COURT, Rule 3.400(a) defines a "complex case" as one that

7   requires exceptional judicial management in order to avoid placing unnecessary burdens on

8   the court or the litigants and to expedite the case, to keep costs reasonable, and to promote

9   effective judicial decision-making by the court, the parties, and counsel. (*First State Ins.*

10  *Co. v. Sup. Ct. (Jalisco Corp., Inc.*, (2000) 79 Cal.App.4th 324, 332.)  Rule 3.400(b) gives

11  the Court discretion to determine whether a case is "complex" based on any appropriate

12  considerations, including the likely involvement of any of the following:

13          1.  Numerous pretrial motions raising difficult or novel legal issues that will be

14              time consuming to resolve;

15          2.  A large number of witnesses or a substantial amount of documentary

16              evidence;

17          3.  A large number of separately represented parties;

18          4.  Pending related actions; or

19          5.  Substantial postjudgment judicial supervision.

20          CALIFORNIA RULES OF COURT, Rule 3.403(b) further authorizes a court to deem a

21  civil action complex "on its own motion."

22  **A.    This Action Will Likely Involve Numerous Pretrial Motions on Difficult Legal**

23          **Issues**

24          This action involves approximately 250 putative class members whose employment

25  records will become crucial evidence both for class certification and trial.  Issues regarding

26  privacy will arise early, as Class Plaintiff will seek discovery of such evidence, including

27  the names and contact information for all putative class members.  In response to such

28  requests, Odyssey is likely to not only demand a broad protective order for all discovery

ARIAS, OZZELLO & GIGNAC, LLP

Page 2

OBJECTION TO NON-COMPLEX DESIGNATION

1   but also a process by which putative class members can opt out of having their contact

2   information released. The complex department will by far have the most experience and

3   case management tools available to it to shepherd the case through this inevitable but

4   important process.

5        Also, as this action involves the healthcare industry, it may become necessary for

6   the parties to introduce documentary evidence containing information related to patients.

7   As such, substantial pre-trial motions are likely to protect the confidential nature of such

8   patient-related information, guaranteed by both state and federal statutes including the

9   Health Insurance Portability and Accountability Act of 1996 (HIPAA).

10        Further, given that Odyssey likely keeps employment records such as payroll

11   records and time and attendance records in a centralized out-of-state location, Class

12   Plaintiffs may well need to have experts conduct an inspection and analysis of multiple

13   network serves, databases and hard drives, which Defendants are almost certain to oppose

14   on numerous grounds. A complex designation by this court, would allow the parties to

15   avail themselves of CIV. PROC. section 2017.710 et seq. governing the "use of technology

16   in conducting discovery in a complex case."

17        Moreover, the Parties are likely to engage in an extensive and hard-fought battle on

18   the issue of Class Certification alone. Given the large number of putative class members,

19   numerous declarations and depositions are likely to be conducted to further this end.

20   B:   **This Action Will Likely Involve a Large Number of Witnesses and a Substantial**

21        **Amount of Documents**

22        With the large number of putative class members involved and spread out over

23   multiple offices state-wide, as well as the nature and potential size of the individual

24   damages at stake, Class Plaintiff anticipates seeking discovery of voluminous documents

25   and information. Such discovery will include payroll records, time and attendance records,

26   and documents related to the operations of a multi-office corporation where crucial records

27   are not kept in one location or even within the State of California. Further, Odyssey is

28   headquartered out-of-state, with much of the documentary evidence likely residing there

**ARIAS, OZZELLO & GIGNAC, LLP**

Page 3

OBJECTION TO NON-COMPLEX DESIGNATION

1    and key aspects of Odyssey's operations being run from there, which will require additional

2    flexibility afforded by the complex department with respect to the scheduling of discovery,

3    meet-and-confer efforts, and discovery conferences.

4    **C.**    **Related Cases**

5       Counsel for Class Plaintiff is not aware of any case that is formally related to the

6    instant case. However, a virtually identical case is currently pending before the Honorable

7    Emelie H. Elias in Department 308, entitled *Santos, et al. v. Vitas Healthcare Corp. of*

8    *California* Case No. BC359356.

9    **D.**    <u>**This Action Will Likely Involve Substantial Postjudgment Judicial Supervision**</u>

10      In addition to damages and penalties under the Labor Code, this action also seeks

11    injunctive relief, restitution, and disgorgement of profits. If Class Plaintiff is successful,

12    Defendant will be required to comply by restoring monies and paying substantial damages

13    to a large number of class members. The Court's continuing jurisdiction and postjudgment

14    supervision of the Claims Administration will therefore make up a significant portion of its

15    involvement in this case. Again, the complex department's flexibility, case management

16    tools, and expertise will be crucial to the efficient and effective handling of this critical

17    stage of the case. (*See First State Ins. Co., supra,* 79 Cal.App.4th at 332.)

**III.**

**CONCLUSION**

20      For all of the foregoing reasons, Class Plaintiff respectfully asks that the Court deem

21    this case complex under CALIFORNIA RULES OF COURT, Rule 3.400 and transfer it back

22    from Department 26 to Central Civil West for reassignment.

23    Dated: November 26, 2008       ARIAS, OZZELLO & GIGNAC, LLP

24

25

26    By:

27    MIKE ARIAS
       MARK A. OZZELLO
       MIKAEL H. STAHLE
28    MARK J. BLOOM
       Attorneys for Class Plaintiff

ARIAS, OZZELLO & GIGNAC, LLP

Page 4

OBJECTION TO NON-COMPLEX DESIGNATION

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the State of California, County of Los Angeles.  I am over the age of 18 and not a party to the within suit; my business address is 6701 Center Drive West, Suite 1400, Los Angeles, California 90045.

On **December 9, 2008**, I served the foregoing documents described as: **NOTICE OF HEARING RE OBJECTION TO NON-COMPLEX DESIGNATION**; on the interested parties in this action by placing [ ] the original [✔] a true copy thereof, as follows:

ODYSSEY HEALTHCARE, INC.
c/o CT Corporation Systems
818 West Seventh Street
Los Angeles, CA 90017

[✔]   **BY MAIL (enclosed in a sealed envelope):** I deposited the envelopes for mailing in the ordinary course of business at Los Angeles, California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, the sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[ ]   **BY FAX:** I hereby certify that this document was served by facsimile delivery on the parties listed herein at their most recent fax number of record in this action on December 9, 2008, from Los Angeles, California.

[ ]   **BY E-MAIL:** I hereby certify that this document was served by e-mail delivery on the parties listed herein at their most recent e-mail of record in this action on December 9, 2008.

[ ]   **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee named herein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **December 9, 2008** at Los Angeles, California.

_Geraldine Hughes_
Type or Print Name

Signature

ARIAS OZZELLO & GIGNAC LLP



ARIAS, OZZELLO & GIGNAC, LLP
ATTORNEYS & COUNSELORS AT LAW
HOWARD HUGHES CENTER
6701 CENTER DRIVE WEST, SUITE 1400
LOS ANGELES, CALIFORNIA 90045-1558

ADDRESS CORRECTION REQUESTED

ODYSSEY HEALTHCARE, INC.
c/o CT Corporation Systems
818 West Seventh Street
Los Angeles, CA 90017

90017&3407 C013

US POSTAGE
neopost
$0.59
12/10/08
Mailed From 90045

63

# Exhibit C

COPY

1  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   GREGORY W. KNOPP (SBN 237615)
2  GARY M. MCLAUGHLIN (SBN 217832)
   ALLISON VANA (SBN 228282)
3  2029 Century Park East, Suite 2400
   Los Angeles, CA  90067
4  Telephone: (310) 229-1000
   Facsimile: (310) 229-1001
5

6  Attorneys for Defendant,
   ODYSSEY HEALTHCARE, INC.
7

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 3 1 2008

John A. Clarke, Executive Officer/Clerk

BY SHAUNYA WESLEY, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

11  CHARLIA CORNISH, an individual and an
    "aggrieved employee" under the California
12  Labor Code Private Attorney General Act, on
    her own behalf and on behalf of all others
13  similarly situated,

14                    Plaintiff,

15       v.

16  ODYSSEY HEALTHCARE, INC., a
    Delaware corporation; and DOES 1 through
17  100, inclusive,

18                    Defendants.

19

Case No. BC401527

[Assigned to the Honorable Maureen Duffy-Lewis,
Department 38, for all purposes]

**DEFENDANT ODYSSEY HEALTHCARE,
INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT**

Date Action Filed:   November 6, 2008

20

21

22

23

24

25

26

27

28

64

6317843

1    Defendant Odyssey HealthCare, Inc. ("Defendant") hereby answers the Class Action Complaint

2  ("Complaint") of Plaintiff Charlia Cornish ("Plaintiff"), as follows:

3                                    **GENERAL DENIAL**

4    Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant generally

5  and specifically denies each and every allegation of the Complaint.  Further, and without admitting any

6  of the allegations asserted therein or conceding that Defendant bears any burden of proof on any issue

7  that it would not otherwise bear such burden, Defendant asserts the following general and affirmative

8  defenses to the Complaint:

9                              **FIRST AFFIRMATIVE DEFENSE**

10                          **(Failure to State a Cause of Action)**

11    1.    Plaintiff is barred from relief because the Complaint, and each of the six purported

12  causes of action set forth therein, fails to allege facts sufficient to state a cause of action against

13  Defendant.

14                            **SECOND AFFIRMATIVE DEFENSE**

15                                **(Statute of Limitations)**

16    2.    Plaintiff is barred from relief to the extent that she seeks relief for conduct occurring

17  outside the periods proscribed by the applicable statutes of limitation.

18                              **THIRD AFFIRMATIVE DEFENSE**

19                  **(Failure to Exhaust Administrative Remedies)**

20    3.    Plaintiff is barred from relief to the extent she was required, but failed, to exhaust

21  administrative remedies.

22                            **FOURTH AFFIRMATIVE DEFENSE**

23                                    **(Good Faith)**

24    4.    Plaintiff is barred from relief because Defendant acted in good faith and had reasonable

25  grounds for believing that it did not violate the California Labor Code or any applicable administrative

26  regulation.

27

28

                                                                                65

1

### FIFTH AFFIRMATIVE DEFENSE

2

#### (Exempt Employee)

3  5.   Plaintiff is barred from relief because she is exempt from coverage under the relevant

4  provisions of the California Labor Code and/or the Wage Orders referenced in the Complaint.

5

### SIXTH AFFIRMATIVE DEFENSE

6

#### (Waiver)

7  6.   Plaintiff is barred from relief because, by her actions, she has waived her right to

8  recovery.

9

### SEVENTH AFFIRMATIVE DEFENSE

10

#### (Failure to Mitigate)

11  7.   Plaintiff is barred from relief to the extent she failed to mitigate her alleged damages.

12

### EIGHTH AFFIRMATIVE DEFENSE

13

#### (Paid All Sums)

14  8.   Plaintiff is barred from relief because Defendant has paid Plaintiff all sums due her.

15

### NINTH AFFIRMATIVE DEFENSE

16

#### (De Minimis Doctrine)

17  9.   Plaintiff is barred from relief because each purported cause of action stated in the

18  Complaint is barred under the de minimis doctrine.

19

### TENTH AFFIRMATIVE DEFENSE

20

#### (Compliance with Statute)

21  10.  Defendant at all times complied with all applicable statutes, regulations and laws;

22  accordingly, the Complaint and each purported cause of action therein are barred.

23

### ELEVENTH AFFIRMATIVE DEFENSE

24

#### (Time Not Compensable)

25  11.  The time for which Plaintiff seeks compensation does not, in whole or in part, constitute

26  compensable working time.

27

28

66

## TWELFTH AFFIRMATIVE DEFENSE

### (Standing)

12.     Plaintiff lacks standing to challenge any employment practice that did not affect her.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Frivolous Claims)

13.     Plaintiff is barred from relief because Plaintiff's Complaint and each purported cause of action therein were not brought in good faith and are frivolous.  Therefore, Defendant is entitled to recover its reasonable expenses, including attorney's fees, incurred herein as a matter of law pursuant to this court's inherent authority and California Code of Civil Procedure § 128.7.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

14.     Plaintiff is barred from relief because she has inexcusably and unreasonably delayed the filing of this action, causing prejudice to Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Injunctive Relief)

15.     The Complaint fails to allege facts sufficient to state a claim for injunctive relief.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Basis for Attorney's Fees)

16.     Plaintiff is barred from relief because she has no basis to seek attorney's fees under California Labor Code §§ 218.5, 226(e), 1194, 2699, or on any other basis.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Class Action)

17.     To the extent that Plaintiff purports to bring this case as a class action, Plaintiff cannot satisfy the requirements for a class action.

67

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

18.     The Complaint, and each purported cause of action contained therein, is barred to the extent the actions of Defendant or its agents were a result of conduct by Plaintiff for which she cannot equitably seek recovery against Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

19.     The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff is guilty of inequitable or improper conduct connected to the matters alleged in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Improper Defendant)

20.     The Complaint, and each purported cause of action contained therein, is barred to the extent no employment relationship exists between Plaintiff and Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Provide Notice)

21.     Plaintiff's claims under California Labor Code Section 2699 *et seq.* are barred by Plaintiff's failure to comply with the notice requirements set forth in California Labor Code § 2699.3.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Class Action Civil Penalties Unconstitutional)

22.     Plaintiff's claims for civil penalties on behalf of a class are barred by the Constitutions of the United States and the State of California.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

**WHEREFORE,** Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by the Complaint;

68

1        2.      That the Complaint be dismissed;

2        3.      For judgment in favor of Defendant;

3        4.      For costs of suit herein;

4        5.      For attorney's fees pursuant to Labor Code § 218.5 and California Code of Civil

5  Procedure § 128.7 and any other appropriate basis; and

6        6.      For such other and further relief as the Court may deem proper and just.

7

8  Dated:  December 31, 2008          **AKIN GUMP STRAUSS HAUER & FELD LLP**

9

10                       By_____

11                              GARY M. MCLAUGHLIN
                                  Attorneys for Defendant,
                          ODYSSEY HEALTHCARE, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                              69

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, CA 90067. On December 31, 2008, I served the foregoing document(s) described as:

**DEFENDANT ODYSSEY HEALTHCARE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the interested party(ies) below, using the following means:

**Mike Arias, Esq.**
**Mark A. Ozzello, Esq.**
**Mikael H. Stahle, Esq.**
**Mark J. Bloom, Esq.**
**Arias, Ozzello & Gignac, LLP**
**6701 Center Drive West, Suite 1400**
**Los Angeles, CA 90045**
**Phone: (310) 670-1600**
**Fax: (310) 670-1231**

☐ BY PERSONAL SERVICE  I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (STATE)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

1   ☐ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose
    direction the service was made.

2

3       Executed on December 31, 2008 at Los Angeles, California.

4   May Odiakosa                                          [Signature]
    [Print Name of Person Executing Proof]

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6317843

# Exhibit D

# Case Summary

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using
the case number displayed on this page.

**Case Number:** BC401527
CHARLIA CORNISH VS ODYSSEY HEALTHCARE INC

**Filing Date:** 11/06/2008
**Case Type:** Other Employment Complaint (General Jurisdiction)
**Status:** Pending

---

### Future Hearings

**01/13/2009** at 08:30 am in department 38 at 111 North Hill Street, Los Angeles,
CA 90012
Conference-Case Management

---

Documents Filed | Proceeding Information

### Parties

ARIAS MIKE M. ESQ. - Attorney for Plaintiff/Petitioner

CORNISH CHARLIA - Plaintiff/Petitioner

DOES 1 THROUGH 100 - Defendant/Respondent

ODYSSEY HEALTHCARE INC. - Defendant/Respondent

---

Case Information | Party Information | Proceeding Information

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using
the case number displayed on this page.

**Documents Filed** (Filing dates listed in descending order)

**12/20/2008** Statement-Case Management
Filed by Attorney for Plaintiff/Petitioner

**12/12/2008** Notice-Case Management Conference
Filed by Clerk

72

**12/09/2008** Proof-Service/Summons
Filed by Attorney for Pltf/Petnr

**12/09/2008** Notice (of hearing re objections to non- complex designation )
Filed by Attorney for Pltf/Petnr

**11/26/2008** Objection Document (to non-complex designation )
Filed by Attorney for Pltf/Petnr

**11/26/2008** CCP 170.6 Application Filed ( motion for peremptory disqualifica
tion )
Filed by Attorney for Pltf/Petnr

**11/06/2008** Complaint

---

Case Information | Party Information | Documents Filed

**Proceedings Held** (Proceeding dates listed in descending order)

**12/18/2008** at 11:30 am in Department 324, VICTORIA CHANEY, Presiding
Status Hearing (OBJECTION TO NON-COMPLEX) - **Overruled**

**12/10/2008** at 03:45 pm in Department 1, Lee Smalley Edmon, Presiding
Order Re: Reassignment of Case - **Transferred to different departmnt**

**12/04/2008** at 08:30 am in Department 26, James R. Dunn, Presiding
Court Order - **Granted**

**11/18/2008** at 04:30 pm in Department 324, VICTORIA CHANEY, Presiding
Court Order - **Court makes order**

---

Case Information | Party Information | Documents Filed | Proceeding Information

73

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV09- 14 GHK (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
   **312 N. Spring St., Rm. G-8**
   **Los Angeles, CA 90012**

[ ] **Southern Division**
   **411 West Fourth St., Rm. 1-053**
   **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
   **3470 Twelfth St., Rm. 134**
   **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Exhibit A - Page 1

UNITED STATE DISTRICT COURT, CENTRAL DISTRICT F CALIFORNIA
CIVIL COVER SHEET

**CONFORMED**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

CHARLIA CORNISH, an individual and an "aggrieved employee" under the California Labor Code Private Attorney General Act, on her own behalf and on behalf of all others similarly situated

**DEFENDANTS**

Odyssey HealthCare, Inc., a Delaware corporation; and DOES 1 through 100 inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Mike Arias, Esq.
Mark A. Ozzello. Esq.
Mikael H. Stahle, Esq.
Arias, Ozzello & Gignac, LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045: Tel. 310-670-1600

Attorneys (If Known)

Gregory W. Knopp (SBN 237615)
Gary M. McLaughlin (SBN 217832)
Allison Vana (SBN 228282)
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067:Tel. 310-229-1000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** Unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Removal Based on 28 U.S.C. Sections 1332 (d)(2), 1441, 1446, and 1453; State law causes of action for alleged failure to pay overtime, provide meal breaks and accurate itemized wage statements, pay wages upon end of employment, unfair competition, and for civil penalities

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV09-00014**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATE DISTRICT COURT, CENTRAL DISTRICT F CALIFORNIA**

CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.   VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Charlia Cornish, Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Odyssey HealthCare, Inc., Texas |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X.   SIGNATURE OF ATTORNEY (OR PRO PER):** _Gary M. McLaughlin_    Date 01/02/09

Gary M. McLaughlin

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |