| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>GREGORY W. KNOPP (SBN 237615)<br>GARY M. MCLAUGHLIN (SBN 217832)<br>ALLISON VANA (SBN 228282)<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067<br>Telephone: (310) 229-1000<br>Facsimile: (310) 229-1001<br>gknopp@akingump.com<br>gmclaughlin@akingump.com<br>avana@akingump.com |
| 7<br>8 | Attorneys for Defendant,<br>ODYSSEY HEALTHCARE GP, LLC |

DISCOVERY MATTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIA CORNISH, an individual and an "aggrieved employee" under the California Labor Code Private Attorney General Act, on her own behalf and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>ODYSSEY HEALTHCARE, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No. CV09-00014 GHK (JCx)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL**<br><br>**[CHANGES MADE BY COURT IN BOLD]**<br><br>Date Action Filed: November 6, 2008 |

6361448

[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. Any and all documents comprising, generated from, or referencing processes, operations, business methods, or any other business information that is proprietary and/or confidential (including financial information or trade secrets) of Defendant Odyssey HealthCare GP, LLC ("Defendant"), any of its parent, subsidiary, or affiliated entities, including but not limited to Odyssey HealthCare, Inc., or their employees, customers, or vendors, shall be deemed Confidential.

2. Confidential documents shall be so designated by stamping copies of the documents with the legend "CONFIDENTIAL." All pages shall be so labeled. If either party, through inadvertence, fails to designate discovery material as Confidential, but thereafter determines that such discovery material should have been so designated, it promptly will provide written notice of the Confidential designation and to the extent practicable the discovery material will be treated as Confidential Material from the date of receipt of such notice. Likewise, if a party designates discovery material Confidential and later determines that such discovery material should not have been so designated, it will promptly provide written notice of the removal of the designation along with a duplicate copy of the discovery material without the Confidential marking. If any party wishes to designate documents produced by a third party as Confidential, it shall do so within fourteen (14) days of receipt of such documents and notify counsel for the opposing party of such designation by producing a copy bearing the label Confidential.

3. Testimony taken at a **deposition [ ]** may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL

4.      Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "CONFIDENTIAL MATERIAL") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.      CONFIDENTIAL MATERIAL produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including paralegal, clerical, and secretarial staff employed by such counsel), to a party, and to the "qualified persons" designated below:

(a)     court reporter(s) employed in this action;

(b)     experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c)     a witness at any deposition or other proceeding in this action;

(d)     any other person to whom the parties agree in writing;

(e)     any person, who a document, on its face, indicates has previously seen, or has been sent the designated information, such as authors, drafters, recipients and copyholders of the document or information; and

(f)      witnesses or prospective witnesses to the extent deemed necessary by counsel to prepare for or give testimony regarding facts at issue in this litigation, or to assist counsel in performing work in this litigation, but as to this category, counsel must retain physical custody of the "CONFIDENTIAL" document or other tangible thing unless consent to release is given by the party that designated it as "CONFIDENTIAL".

Prior to receiving any CONFIDENTIAL MATERIAL, each "qualified person" falling under any of paragraphs 5(b)-(f) above shall be provided with a copy of this

Order**.  Disclosure to any such person shall not be made unless and until such person** executes a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each party and to the parties.

6. Depositions at which CONFIDENTIAL MATERIAL is used or discussed shall be taken only in the presence of parties, counsel for the parties, or other qualified persons.

7. In the event that any party seeks to file with the Court any CONFIDENTIAL MATERIAL, that party will **seek to** file the documents under seal pursuant to Central District Local Rule 79-5.1, unless the parties agree in advance that sealing is not necessary.  The parties agree to meet and confer in good faith prior to the filing of any CONFIDENTIAL MATERIAL in order to determine whether an agreement may be reached for some or all of the documents at issue to be filed not under seal.

If the parties do not agree that the documents may be filed not under seal, it shall be the burden of the party who designated the at-issue document(s) as "CONFIDENTIAL" to **make the requisite showing necessary to justify the filing of the document(s) under seal**.  See <u>Kamakana v. City and County of Honolulu</u>, **447 F.3d 1172, 1178-80 (9th Cir. 2006) (discussing standards for sealing documents attached to non-dispositive versus dispositive motions).**

If the Court refuses to uphold the confidentiality requested or accept the document as filed under seal, the document may be filed in the public record.

Notwithstanding the provisions of this Paragraph 7, the party who has designated a document as "CONFIDENTIAL" may elect, at its discretion, to file that document, or any CONFIDENTIAL MATERIAL derived from that document, not under seal.

8. In the event that any CONFIDENTIAL MATERIAL is used in any court proceeding in this action, whether filed under seal or not, it shall not lose its confidential status through such use, and Plaintiffs shall take all reasonable steps to maintain its confidentiality during such use.

1  The parties agree to designate information as "CONFIDENTIAL" on a good faith
2  basis and not for purposes of harassing the receiving party or for purposes of
3  unnecessarily restricting the receiving party's access to information concerning the
4  lawsuit. If the party being given the documents or materials designated as
5  "CONFIDENTIAL" objects to said designation, then the parties will meet and confer
6  with respect to the designation within fifteen (15) days of receipt of such objection by
7  the designating party. Thereafter, if the parties are unable to reach an agreement, the
8  party designating the document as "CONFIDENTIAL" will file within twenty-one (21)
9  days of meeting and conferring a motion with the Court requesting that an Order issue
10 identifying the at-issue material as "CONFIDENTIAL." Such motion shall comply
11 with all applicable Local Rules. If such a motion is not filed within the time period set
12 forth above, the "CONFIDENTIAL" designation will be deemed withdrawn for
13 purposes of this case. During the pendency of the Motion for Protective Order and the
14 meet and confer process, the "CONFIDENTIAL" designation shall remain in effect.

15  9.  This Order shall be without prejudice to the right of a party to bring before
16 the Court at any time the question of whether any particular document or information is
17 confidential or whether its use should be restricted. This Order shall not be deemed to
18 prejudice the parties in any way in any future application for modification of this Order.

19  10. This Order is entered solely for purposes of facilitating the exchange of
20 documents and information between the parties to this action without involving the
21 Court unnecessarily in the process. Nothing in this Order nor the production of any
22 information or document under the terms of this Order nor any proceedings pursuant to
23 this Order shall be deemed to have the effect of an admission or waiver by Defendant or
24 of altering the confidentiality or non-confidentiality of any such document or
25 information or altering any existing obligation of any party or the absence thereof.

26  11. In the event the Court does not execute this Order, the parties agree to meet
27 and confer in good faith to revise the stipulation to conform to the Court's
28 specifications, if any, and submit a revised Order within fifteen (15) days of the Court's

denial of entry of the Order. In the interim, the parties agree that this Stipulation will be binding as a contract between the parties and their respective counsel until the Court's entry of an acceptable Order.

12. This Order shall survive the termination of this action, to the extent that the information contained in CONFIDENTIAL MATERIAL is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, Plaintiff's counsel shall assemble and return to counsel for Defendant all documents, material, and deposition transcripts designated as confidential and all copies of same.

SO STIPULATED.

Dated: May _19, 2009          AKIN GUMP STRAUSS HAUER & FELD LLP

                              By _____/s/_____
                                   Gary M. McLaughlin
                              Attorneys for Defendant
                              ODYSSEY HEALTHCARE GP, LLC

Dated: May _19, 2009          ARIAS OZZELLO & GIGNAC, LLP

                              By _____/s/_____
                                   Mikael H. Stahle
                              Attorneys for Plaintiff
                              CHARLIA CORNISH

**ORDERED AND APPROVED**

Dated: June 2, 2009
                              By:_____/s/_____
                                   The Honorable Jacqueline Chooljian
                                   U.S. Magistrate Judge for the
                                   United States District Court
                                   Central District of California

5

[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL

# ATTACHMENT A

## ACKNOWLEDGEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order Regarding Confidential Discovery Material ("Stipulation" or "Stipulated Protective Order") governing *Cornish v. Odyssey HealthCare, Inc., et al.*, Case No. CV09-00014 GHK (JCx), and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Material made available to it/him/her other than in accordance with the terms and conditions of this Stipulated Protective Order.

Dated: _____, 200__

By: _____
        Signature

_____
        Printed Name